## IN THE COURT OF APPEALS OF IOWA

No. 15-0474
Filed November 12, 2015

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JOSEPH HOWARD VAN HECKE,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

 Joseph Van Hecke appeals the sentence imposed following his guilty plea. **AFFIRMED.**

 Gary D. McKenrick of Cartee & McKenrick, P.C., Davenport, for appellant.

 Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

 Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Joseph Van Hecke appeals the sentence imposed following his guilty plea to assault causing injury, asserting the court abused its discretion in numerous respects. We affirm.

### I. Background Facts and Proceedings.

At Van Hecke's sentencing hearing, his attorney stated:

> We are here today because of a true family tragedy. What should have been a day of joyous celebration recognizing the marriage renewal of wedding vows of Mr. Van Hecke and his wife ended up with his wife's brother, his brother-in-law, deceased and Mr. Van Hecke now before the court after . . . [his brother-in-law's] death.

More specifically, in 2013, and as later amended, the State charged Van Hecke by trial information as a habitual offender with three criminal counts: (1) involuntary manslaughter, in violation of Iowa Code section 707.5(1)(a) (2013); (2) assault causing serious injury, in violation of section 708.2(4); and disorderly conduct of fighting in a public place, in violation of section 723.4(1). The minutes of testimony filed therewith alleged witnesses would testify that on June 13, 2013, Van Hecke punched his brother-in-law in the face, causing his brother-in-law to fall onto the floor and to strike his head on the floor. Van Hecke's brother-in-law died as a result, and the manner of death was determined to be homicide. Van Hecke subsequently filed notice that he intended to rely upon the defense of justification in defense of self or another.

A jury trial was held in May 2014. After hearing all of the evidence and deliberation, the jury informed the court it was unable to reach verdicts on all

three counts. The court therefore declared a mistrial, and it ordered the matter be rescheduled for further proceedings.

Thereafter, Van Hecke pled guilty pursuant to a plea agreement. The State agreed to dismiss counts 1 and 3 in exchange for Van Hecke's guilty plea to the lesser offense of count 2, assault causing injury, in violation of section 708.2(2). The State also agreed to recommend at sentencing that Van Hecke serve a term of incarceration of 180 days in jail, pay a fine of $315, reimburse the crime victim fund, and pay restitution to the victim's family. The plea agreement signed by Van Hecke agreed that he was "admitting that there is a factual basis for the charge, and admitting that at the time and place charged in the trial information I punched [the victim] in the face and that the punch caused bodily injury to [the victim's] face." Van Hecke also filed a written statement advising he consented to waive his right to an in-court plea colloquy and that his attorney could appear and enter his guilty plea to the assault charge. The statement further acknowledged Van Hecke "read the Minutes of Testimony which are substantively correct as to the fact that [he] punched [the victim], and [he] admit[ted] that there is a factual basis for the charge against [him]." The court accepted Van Hecke's guilty plea and set the matter for sentencing.

At the sentencing hearing, the State recommended Van Hecke be incarcerated for 180 days, among other things, as it had agreed in the plea agreement. It explained its reasons for seeking incarceration:

> Obviously based on the seriousness of this offense, here we are dealing—your Honor, was involved in the trial so you certainly know this case but the actions of this defendant caused the death of someone and 180 measly days in the Scott County Jail is certainly

warranted when we are dealing with the death of someone caused by the defendant's actions.

In addition the defendant does have a criminal history, the trial information was filed with a habitual offender based on prior criminal convictions and the State certainly feels like a period of 180 days in the Scott County Jail is warranted.

Van Hecke submitted to the court the statement of Van Hecke's wife and asked the court to consider that statement "in support or in mitigation of any sentence that the court [was] contemplating." Additionally, Van Hecke pointed out that his prior criminal record—involving non-violent crimes—was dated. One conviction was over twenty-five years old and the other almost fifteen years old. He also stated since those convictions, he had

been a productive member of the community. He's involved in business, he's involved in many charitable undertakings . . . . The people that you see in the courtroom today speak to Mr. Van Hecke's community involvement and the positive influence that he's had on multiple lives within the community.
. . . .
I submit that the court needs to consider what will be accomplished with whatever sentencing options the court ultimately decides to impose . . . . [M]ost people who plead guilty to an assault with bodily injury charge in this community receive suspended sentences, that is what Mr. Van Hecke has pled guilty to, assault resulting in bodily injury. He did not plead guilty to causing the death of [his brother-in-law. His brother-in-law] died that night following the assault to which Mr. Van Hecke pled guilty but I think it's appropriate for the court to draw a distinction there between the defendant's actions and [his brother-in-law's] death.
. . . .
Mr. Van Hecke has stipulated in connection with the plea agreement to a restitution amount of $150,000 . . . . His business is reaching its peak season . . . very shortly and his involvement in his business . . . can lead to the generation of funds hopefully to fully satisfy that restitution obligation well before the five years called for in the plea agreement.
I would submit to the court that the best sentence, one that offers the best opportunity for rehabilitation, the best opportunity for the healing of the family is to suspend the sentence of incarceration called for in the plea agreement, impose the mandatory minimum fine and allow Mr. Van Hecke to devote his life to the good works

that he has devoted his life to over the past [fourteen or fifteen] years as well as to the restitution obligation which he's undertaken in connection with [his brother-in-law's] death.

Van Hecke personally addressed some members of the victim's family. Van Hecke told his wife that he knew her brother loved her "and I took that away from you and I've said it before but I want to say it again, I am sorry. I'm sorry that you will never get to see him again." To the victim's son, Van Hecke stated, "I took away your best friend and your dad, I'm sorry." To the victim's other children, Van Hecke apologized and stated, "I did not mean to take your dad away." Finally, Van Hecke addressed the court, stating: "I didn't mean for it to happen, I didn't mean to hit him, I am sorry. It was just reflexes."

The court sentenced Van Hecke to 180 days incarceration in jail. The court explained:

> [I]t's my duty under the law to review what's available to me in terms of community resources and determine an appropriate rehabilitative plan for you but I must consider that the public interest must be protected and in this case the public interest to be protected is the deterrence of violent acts and in looking at sentencing I consider the seriousness of the crime and the effect that the crime has upon members of the community, your willingness to accept change and treatment and what's available to me in the community to assist me in that process. I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives.
>
> In this case, you do have a prior criminal history, however, as your counsel pointed out most of the history is quite old and I do not really give it much weight in this case due to the ages of the convictions and they were not violent matters based on my understanding of them but they are there but I am not giving them great weight because they are quite old and it does seem like since then you have directed your skills to legal businesses and at least for the past number of years from the information I have in front of me you've been a law abiding citizen recently and a businessman.
>
> But turning to the crime that you have admitted committing, assault causing bodily injury, that brings us here today for sentencing, the bottom line is that you admitted that you assaulted

[your brother-in-law] without justification. We all know and I, of course, sat through the trial, the jury was unable to reach a determination and the State and the defense reached a plea agreement, a compromise, which I approved.

However, of course, this sentencing isn't an occasion for retrying the case, I'm just pointing out that you did in fact plead guilty to an assault resulting in bodily injury and we know from the testimony that, in fact, your assault on [the victim] did lead to his death.

I heard the evidence before the court at an earlier time, I don't think it's necessary for me to rehash any of that but the bottom line is that you pled guilty to an act, an assault causing bodily injury, and a man . . . is dead because of your act.

As a judge, one of my roles is to protect society and deterrence both general and specific is a legitimate worthy goal of sentencing. I think sentencing you to a term of incarceration pursuant to the plea agreement serves the goal of deterrence of both you and for others in the community. Frankly, you're a middle age businessman and you apparently were angry and you lashed out and you struck your brother-in-law and we simply cannot have in our society people who are old enough to know better, mature enough to know better punching somebody severely enough that they lose consciousness and fall back and die. That's a very serious matter.

I think incarceration is appropriate due to the nature of the offense, separation from the community and deterrence and so that would be the court's decision. I'm not going to suspend the sentence.

Van Hecke now appeals, contending the district court abused its discretion in imposing of a term of incarceration. He asserts the court relied on facts and charges which were not proven or admitted, and the court failed to give appropriate consideration to all relevant factors.

## II. Discussion.

"The law is clear regarding consideration of impermissible sentencing factors. We will not vacate a sentence on appeal unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State*

*v. Lovell*, 857 N.W.2d 241, 242-43 (Iowa 2014) (citation and internal quotation marks omitted). A court abuses its discretion if it "acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

### A. *Reliance upon Unproven or Unadmitted Facts and Charges.*

Van Hecke first asserts the court relied upon facts and charges not proven or admitted. Specifically, he argues the court's statements that Van Hecke caused the victim's death and that he struck the victim out of anger were unproven facts that could not be considered. He also asserts the court relied on the fact of the victim's death as justification for the sentence of incarceration, effectively considering the dismissed charges in imposing its sentence. We disagree.

Sentencing courts may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense or (2) the defendant admits it. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). In somewhat different phraseology, our supreme court has stated it "is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The sentencing court can consider those facts contained in the minutes of testimony "that are admitted to or otherwise established as true." *Lovell*, 857 N.W.2d at 243. "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the

issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). We will not infer the court considered an improper factor if it is not apparent from the record. *Formaro*, 638 N.W.2d at 725. Our goal is not to second guess the sentencing decision but to determine if the decision rests on an untenable or improper ground. *See Hopkins*, 860 N.W.2d at 553-54.

At Van Hecke's jury trial, Van Hecke asserted the defense of justification of defense of self or another, thereby admitting he caused the victim's death. While the court could not, in its sentencing decision, find that Van Hecke's actions were not justified as a reason to support its decision, the fact that Van Hecke *caused* the victim's death is apparent from the facts of the case and the limited minutes relating to the actual assault. Moreover, even without those sources of fact, we agree with the State that Van Hecke's statements to the family and court at the sentencing hearing support the judge's finding that Van Hecke caused the victim's death. That the court noted Van Hecke caused the victim's death does not mean it considered Van Hecke guilty of involuntary manslaughter in imposing a term of incarceration.

Additionally, the comment by the court that Van Hecke acted out of anger is also supported by the minutes of testimony. The minutes stated one witness would testify that Van Hecke "went over [to] the [the victim] and confronted him about messing with his child. [Van Hecke] then punched [the victim]." The minutes stated another witness would testify Van Hecke "told [the victim] to 'back up, . . . back the fuck up! You hurt my son seriously!' . . . [Van Hecke] said 'I'm going to hit you!' and hit [the victim] . . ." and the witness "grabbed [Van Hecke]

and told him to calm down." Similarly, the minutes support the court's statement that the victim lost consciousness, fell back, and died. Most of the minutes related to witnesses that observed Van Hecke hitting the victim describe what happened immediately thereafter—the victim fell back, lost consciousness, and died. Considering Van Hecke pled guilty to assault causing injury, the injury part of the minutes is something the court could consider. We do not find these considerations in its sentencing Van Hecke to a term of incarceration were improper. Consequently, Van Hecke has failed to show the court abused its discretion.

### B. *Consideration of All Relevant Factors.*

Finally, Van Hecke contends that though the district court mentioned mitigating factors in imposing sentence, it did not give them sufficient weight. If it had, Van Hecke asserts, it would have suspended his sentence. Upon our review, we disagree.

The Iowa Supreme Court has stated "that the relevant factors when imposing sentence include the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [the defendant's] reform." *Hopkins*, 860 N.W.2d at 554 (citation and internal quotation marks omitted). Additionally, the legislature has set forth factors including:

> a. The age of the defendant.
> b. The defendant's prior record of convictions and prior record of deferments of judgment if any.
> c. The defendant's employment circumstances.
> d. The defendant's family circumstances.
> e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
> f. The nature of the offense committed.

g. Such other factors as are appropriate.

Iowa Code § 907.5(1). Furthermore:

> When considering whether a court abuses its discretion by imposing a sentence of incarceration, we recognize the nature of the offense alone is not determinative. On the other hand, the seriousness and gravity of the offense is an important factor. In the end, a court makes each sentencing decision on an individual basis and seeks to fit the particular person affected.

*Hopkins*, 860 N.W.2d at 555 (internal citations omitted).

Overall, we cannot conclude the district court abused its discretion at sentencing. The court's colloquy establishes it considered the relevant factors in its sentencing decision. The reasons stated by the court for imposing a term of incarceration were within the statutory limits, and the court set forth its reasons for imposing the term of incarceration. Perhaps another court would have imposed a different sentence, but this does not make the court's sentence unreasonable or untenable. We therefore conclude Van Hecke failed to establish the court did not consider all of the relevant factors in deciding to impose a term of incarceration.

### III. Conclusion.

For the foregoing reasons, we affirm the district court's sentence imposing a term of incarceration following Van Hecke's guilty plea.

**AFFIRMED.**