# IN THE COURT OF APPEALS OF IOWA

No. 17-1139
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW ROBERT SHADOW,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

        Andrew Shadow challenges his sentence following his conviction for operating while intoxicated, second offense. **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Andrew Shadow pled guilty to operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2(1) and (2) (2016), an aggravated misdemeanor. The district court sentenced Shadow to prison for an indeterminate term, not to exceed two years, to be served in an OWI Prison Program. In this appeal, Shadow challenges his sentence, contending the district court relied on impermissible sentencing factors.

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Reliance on an impermissible sentencing factor is a defect in the sentencing proceeding. *See id.* One inappropriate matter the sentencing court may not consider is an unproven or unprosecuted offense. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). Because of the strong presumption in favor of a district court's sentencing decision, a defendant must make an affirmative showing the sentencing court relied on an unproven offense. *See id.* We will neither assume nor infer the district court relied on an impermissible factor without clear evidence in the record to the contrary. *See Formaro*, 638 N.W.2d. at 725.

Shadow was charged with OWI, second offense, resulting from a February 2016 incident. He pled guilty to the offense, and his plea was accepted at a plea hearing. Sentencing was set for July 11, 2017, and preparation of a presentence investigation (PSI) report was ordered. Shadow was charged with driving while barred, resulting from a December 2016 incident. He pled guilty to the offense at

a July 11, 2017 plea hearing, and the court accepted his plea. Shadow's OWI and driving-while-barred sentencing hearing immediately followed. The court entered separate judgments and sentences on each offense. Shadow filed notices of appeal in both matters. On appeal, Shadow only challenges his OWI sentence—specifically, the prison sentence and placement in an OWI Prison Program.

During the sentencing portion of the hearing, the prosecutor related Shadow's criminal record to the court. The prosecutor also stated: "Since [Shadow] has been arrested for the charge of OWI-Second, [he] has been arrested six times. The majority of them are traffic charges, but it shows a complete disregard for the law." In sentencing Shadow to prison and the OWI Prison Program on the OWI charge, the court stated:

> I think based on your prior criminal history a prison sentence is merited. I think that as long as the Department of Correctional Services thinks that you can benefit from the treatment aspect of incarceration, it's worth giving that a try to make sure that you don't come back to court. I would also say that I am influenced in this decision by the ongoing criminal activity that you seem to be involved in; you've got a number of pending charges. I guess that's not really a factor for the court to consider, um, but I would take into consideration this driving while barred that you committed after this matter was pending.

It is the sentencing court's statement that it was "influenced in this decision by the ongoing criminal activity that you seem to be involved in; you've got a number of pending charges" that Shadow asserts are the impermissible factors considered by the court. "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro*, 638 N.W.2d at 725. Shadow contends the court's self-

correction—"I guess that's not really a factor for the court to consider"—was not sufficient to remove the taint of referencing unproven charges. We agree.

Although the sentencing court attempted to disclaim its reference to the pending charges, we cannot speculate about the weight the sentencing court gave to them.[1] Since we cannot evaluate their influence, we must strike down the sentence. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).[2] We therefore vacate Shadow's OWI sentence and remand the case to the district court for resentencing before a different judge consistent with this opinion. *See id.*

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

---

[1] Although one of the pending charges reflected in the PSI was the driving-while-barred offense—an offense to which Shadow had just pled guilty, the PSI lists several other pending charges to which Shadow had not pled guilty.

[2] We note this case is unlike *State v. Horst*, No. 17-1171, 2018 WL 542638, at *2 (Iowa Ct. App. Jan. 24, 2018) ("However, unlike the district court in *Lovell*, the district court here never mistakenly indicated it considered the intoxication evidence."), and *State v. Balderas*, No. 16-0261, 2017 WL 2181198, at *4 (Iowa Ct. App. May 17, 2017) ("This is not a case like *Lovell*, where the sentencing court initially cited an impermissible sentencing factor before attempting to disclaim the reference later in the hearing.").