# IN THE COURT OF APPEALS OF IOWA

No. 18-0577
Filed December 19, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MATTHEW GENE SPAANS,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Tod J. Deck, Judge.

A criminal defendant appeals his sentence after pleading guilty to four counts of child endangerment. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DANILSON, Chief Judge.**

Matthew Spaans appeals his sentence after pleading guilty to four counts of child endangerment. He contends he received ineffective assistance of counsel when his plea counsel failed to object to the State's alleged breach of the plea agreement. He also contends the district court considered improper factors during sentencing. Spaans lastly challenges a portion of the sentencing order related to appellate attorney fees. We conclude an improper sentencing factor was considered, and accordingly, we vacate the defendant's sentences and remand for resentencing.

**I. Background Facts and Proceedings.**

On February 27, 2017, Spaans was charged with seven counts of child endangerment and seven counts of assault causing bodily injury or mental illness. The State amended the trial information multiple times, and the number and nature of charges against Spaans increased. Ultimately, Spaans reached an agreement to plead guilty to four counts of child endangerment, in violation of Iowa Code sections 726.6(1)(a), (c) and 726.6(7) (2017). Section 726.6(1)(b) was also cited in the trial information, but there were no averments in the trial information supporting a violation of this alternative.

On February 20, 2018, Spaans filed a written guilty plea, and the parties filed a written plea agreement. The written guilty plea did not list the code provisions to which Spaans was pleading guilty, nor did it go into detail of the factual basis for his guilty plea. However, the written plea agreement did recite the language used in code provisions. The written plea agreement simply stated, "As a parent, guardian, or person having custody or control over a child under the age

of [fourteen], I did knowingly act in a manner that created a substantial risk to a child's physical, mental, or emotional health or safety."

In his written guilty plea, Spaans agreed "that the court may review and rely upon the minutes of testimony as additional factual support for my guilty plea." However, during the plea colloquy, the court inquired concerning the use of the minutes of testimony, and Spaans's counsel clarified the court could not consider the allegations in the minutes of testimony concerning any physical injuries to the children, as the pleas did not encompass that element.

The parties agreed each would make their own sentencing recommendations. The State would recommend "a total indeterminate term not to exceed four (4) years; or in the alternative, a jail term to be determined by the court" and a suspended fine. Prior to sentencing, the State filed a sentencing memorandum, which included the facts the State thought supported the guilty plea and included photographs showing the children victims' injuries. Both children filed victim impact statements.

At the April 2, 2018 sentencing hearing, the court asked the State to summarize the parties' agreement. Spaans and his counsel agreed they had the same understanding of the parties' plea agreement as the State's summary. The terms recited were consistent with the written plea agreement. Spaans was asked whether he objected to the State's most recent amendment to the trial information—which was made to match the code sections to the plea agreement and correct an incorrect date range—and Spaans's counsel answered "no."

During the hearing, the State argued the following in support of its recommended sentence:

> I would just note that there were multiple instances of physical abuse that occurred over a period of 2.5 years, so the nature of the offense is ongoing. The children received injuries. The children were then told fabricated narratives to explain those injuries to very suspicious school staff and social workers. And, lastly, that there were multiple victims in this matter.

The State also emphasized Spaans's lack of remorse. Spaans entered several exhibits, including a progress report concerning his mental health counseling, letters of support, and a certificate of completion of anger management training. Spaans requested deferred judgments.

The district court accepted Spaans's guilty plea and sentenced him in accordance with the State's recommendation. Spaans appeals.

**II. Scope and Standard of Review.**

We review plea and sentencing issues for correction of legal error. *See* Iowa R. App. P. 6.907; *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

**III. Discussion.**

We choose to first address Spaans's contention that the district court relied on improper factors in rendering his sentence. Specifically, Spaans asserts the court should not have considered that Spaans caused injuries to the children, the photographs of the children's injuries, or that Spaans had forced or coerced the children into lying about the abuse.

We will not vacate a sentence on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). The fact that the court is merely aware of an alleged improper factor is not sufficient to overcome the presumption the court properly exercised its discretion. *State v. Ashley*, 462 N.W.2d 279, 282–83 (Iowa 1990). In order to overcome the presumption the court properly exercised its discretion, there must be an affirmative showing the court relied on the improper factors. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

However, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required," even if it was "merely a 'secondary consideration.'" *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (quoting *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981)). Information contained in the minutes of testimony is not a permissible sentencing consideration if unproved. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). "The sentencing court should only consider those facts contained in the minutes [of testimony] that are admitted to or otherwise established as true." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982); *see also State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes [of testimony] are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.").

The information contained in the State's sentencing memorandum, including the photographs, were also contained within the minutes of testimony. Here, the task of determining which portions of the minutes of testimony are

necessary to establish a factual basis for the plea is complicated somewhat by the lack of details contained within the written guilty plea. Spaans agreed in his written plea that the court could review and rely upon the minutes of testimony as additional factual support for his guilty plea, but the only factual admissions in the plea itself were that Spaans had custody or control of a child under the age of fourteen and "knowingly act[ed] in a manner that created a substantial risk to a child's physical, mental, or emotional health or safety"—the plea does not explain *how* Spaans acted in such a manner.

During the sentencing hearing, the court asked Spaans's counsel to clarify what information it could consider from the minutes of testimony, and counsel responded, "[The parents] are not pleading guilty to inflicting bodily injuries on the kids." Spaans's counsel added,

> The court cannot rely on the allegations of the definition of bodily injury. It's child endangerment. That is what the court should focus on, and that is why I provided this so that the court can see the context, okay? What they are pleading guilty to is child endangerment, but not all of these allegations of infliction of bodily injury.

After argument and allocution, the court took a short recess, and upon reconvening the court said the following:

> The court is a little conflicted about what sentences to enter in this case, and the reason for that is because of sort of the dichotomy between everything that's contained in the minutes of testimony as to what happened to these children and the relative leniency, so to speak, of the charges to which the actual pleas of guilty have been made in this case. The court can only sentence you for what you've been convicted of.
> The court has considered the vulnerability of the victims in this case, has considered the ongoing nature of the allegations, the fact that there were multiple victims and multiple offenses, the fact that there was apparently some attempt, ongoing, to cover up what was

happening, and that the parties took part in that and also involved these children in that behavior. That's very concerning.

. . . .

As the court stated, in addition to the other factors, the court will describe specifically as it relates to consecutive sentences, the court has considered the vulnerability of the victims, the fact that there are multiple victims and multiple offenses over an ongoing period of time, and that to some extent the victims themselves were made accomplices to the crimes of which they were the victims. The court finds that particularly concerning.

During the imposition of the sentence upon Spaans, the court also said the following:

Mr. Spaans, in looking at the photographs in the State's sentencing memorandum and considering the information in the minutes of testimony that you told me I could when you signed your written plea of guilty and waiver of rights, I can't see any reason to suspend your sentence. And if any of those injuries were caused [by] your hand, the sentence should have been more severe.

To determine if an improper sentencing factor was considered, we must determine what valid pleas were accepted. Section 726.6(a), (b), and (c) provide three alternative ways to commit child endangerment, an aggravated misdemeanor. Iowa Code 726.6(1) defines these alternatives as follows:

(1) A person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, or a person who is a member of the household in which a child or such a minor resides, commits child endangerment when the person does any of the following:
(a) Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.
(b) By an intentional act or series of intentional acts, uses unreasonable force, torture or cruelty that results in bodily injury, or that is intended to cause serious injury.
(c) By an intentional act or series of intentional acts, evidences unreasonable force, torture or cruelty which causes substantial mental or emotional harm to a child or minor.

Here, Spaans's counsel clearly indicated Spaans was not entering a plea of guilty involving the allegation that he inflicted bodily injuries to the children. As

previously noted, the written guilty plea did not refer to the specific code sections to which Spaans was pleading guilty—it references only Counts I, II, III, and IV of the trial information and refers to the charges as aggravated misdemeanors. Here lies the difficulty. Originally, Spaans was charged with seven counts of child endangerment, all class "D" felonies, along with seven counts of an aggravated-misdemeanor assault. On February 20, 2018, a motion to amend the trial information was filed to charge only four counts of child endangerment, all aggravated misdemeanors, citing only two of the three alternatives, section 726.6(1)(a) and (c). On the same date, Spaans filed his written guilty plea and the written plea agreement was also filed. However, in the written plea agreement there was again a reference to the alternative recited in section 726.6(1)(b).

During the plea colloquy there was no mention of the statutes or alternatives by the State or Spaans's counsel, except defense counsel's statement that Spaans was not pleading guilty to the alternative concerning bodily injury. Subsequently, and a few days before the hearing accepting the pleas and imposing sentences, the State filed another motion to amend, and the motion stated in part, "Such amendment matches code sections contained within the Plea Agreement and corrects an incorrect date range previously listed in Count IV on the Amended Information filed on February 20, 2018." This motion was granted without resistance during the plea colloquy. However, each of the four counts only avers acts that would constitute child endangerment under the first and third alternatives under section 726.6(1)(a) and (c) and does not assert any allegations that would constitute a violation of section 726.6(1)(b).

A review of section 726.6(1)(b) reflects that this alternative can actually be committed in two manners, either by committing an act described in the statute that "results in bodily injury," or by committing an act that was "intended to cause serious injury." As we have noted, Spaans counsel stated before the pleas were accepted that the pleas were not tendered on the basis of commission of the bodily injuries. Moreover, our record lacks any averments in the amended trial information filed March 28, 2018, or clear admissions by Spaans of a violation of section 726.6(1)(b). Thus, we can only conclude the pleas were tendered and accepted pursuant to the alternatives in section 726.6(1)(a) and (c). Because neither of these two alternatives include the element of bodily injury, the information in the minutes of testimony relative to bodily injuries suffered by the children, which were unproved and not admitted, were an impermissible sentencing consideration. *See Lovell*, 857 N.W.2d at 243.

The district court's reference to the injuries during the imposition of the sentences requires us to vacate the defendant's sentences and remand the case to the district court for resentencing before a different judge consistent with this opinion. Because of resolution of this issue, we find it unnecessary to address Spaans's remaining issues.

**IV. Conclusion.**

Because we conclude the district court relied upon an improper factor during sentencing, we vacate the defendant's sentences and remand for resentencing.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**