# IN THE COURT OF APPEALS OF IOWA

No. 18-1879
Filed October 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY L. McGHEE Jr.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

The defendant appeals his sentence, arguing the district court improperly considered unproven offenses. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

Timothy McGhee Jr. appeals his prison sentence on three counts of theft in the second degree and one count of theft in the fourth degree.[1] McGhee maintains the sentencing court considered unproven offenses when imposing sentence; he asks that we remand for resentencing. We will not reverse a sentence imposed "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

"A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). That being said, "a district court's sentencing decision enjoys a strong presumption in its favor," so "a defendant must affirmatively show that the district court relied on improper evidence such an unproven offenses" in order for us to reverse. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

Here, the district court stated the following prior to declaring the sentence:

> Since being released after his plea, [McGhee] has committed further crimes. Again, I know it[']s common vernacular, but the phrase "pick up charges" drives me crazy. You don't pick

---

[1] McGhee's appeal stems from a number of guilty pleas. But because the relevant judgments and sentences were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) is not applicable here. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

up charges, you commit offenses, and that's what you've done here. You did it while you were on release pending this.

McGhee claims the district court's reference to "further crimes" shows the court considered pending charges to which McGhee had neither pled guilty nor had otherwise been resolved.

The State responds that the district court did not rely on any unproven offenses. The State recognizes the presentence-investigation (PSI) report contained a number of offenses allegedly committed by McGhee between the date he pled guilty to the offenses for which he was being sentenced—on May 10, 2018—and the date he was being sentenced—October 17, 2018. Of the twelve listed alleged offenses, two showed as "dismissed" on the report. The court noted it had a discussion with the parties prior to going on the record and the court had been made aware that five of the remaining ten charges were "being dismissed, either as part of that plea or as part of the resolution of this matter." Three remaining cases listed on the PSI report were pending charges from Jones County, which the court categorically stated it would not consider: "And, again, those indicate here that they're pending, so without any sort of disposition, I wasn't considering those anyway, but I will make this note for the record."

Of the remaining two charges, one already had a disposition at the time of the report—a fifth-degree theft charge, for which a $65 fine was imposed on August 31—and McGhee entered a written guilty plea to the second right before the sentencing hearing—a second-degree theft charge. The court was free to consider both of these offenses during sentencing.

While disavowing the consideration of unproven offenses or allegations is not enough to unring the proverbial bell, *see State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014), here the court never specifically indicated it was considering an offense that was unproven or to which McGhee had not admitted.  Without more than the court's statement it was considering McGhee's "further offenses"—of which there were properly two to consider—McGhee has not met his burden of affirmatively establishing error.  *See State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013) (reiterating the need for an "affirmative showing the sentencing court relied on improper evidence").  We affirm McGhee's sentence.

**AFFIRMED.**