# IN THE COURT OF APPEALS OF IOWA

No. 18-0605
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL JOSEPH THURMAN, III,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,
Judge.

        Daniel Thurman appeals the sentence imposed after his *Alford* plea.
**AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Brenda J. Gohr (until
withdrawal), Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney
General, for appellee.

        Considered by Doyle, P.J., Greer, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**GREER, Judge.**

Daniel Thurman appeals the sentence imposed after he entered an *Alford* plea to nine offenses.[1]  Thurman argues it was improper for the district court to consider the sentencing recommendation in the presentence investigation report (PSI), which included his scores on standardized risk assessment tools, while imposing the sentence.  We disagree and affirm Thurman's sentence.

## I.  Background Facts and Proceedings.

To start, Thurman entered an *Alford* plea to nine total counts, including burglary, theft, domestic abuse assault, extortion, and three counts of tampering with a witness.[2]  The district court accepted his plea and ordered a PSI.  Once completed, the PSI contained a sentencing recommendation from the department of correctional services (DCS).  The DCS recommended incarceration based on Thurman's scores on standardized risk assessments and his conduct while out on bond.

At sentencing, his attorney objected and requested a continuance to update the PSI with a summary of an interview with a pastor discussing the possibility of Thurman entering a men's program through a street ministry.  His counsel did not

---

[1] An *Alford* plea allows the defendant to enter a plea without admitting guilt.  *North Carolina v. Alford*, 400 U.S. 25, 39 (1970).

[2] These crimes range from an aggravated misdemeanor to a class "C" felony. Because the judgments and sentences were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) does not apply here.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

object to the PSI's sentencing recommendation or its inclusion of Thurman's scores on risk assessment tools.

While the court considered the parties' arguments and sentencing recommendations, including the recommendation in the PSI, the sentencing judge determined Thurman was not a candidate for parole based on "[t]he nature of the offenses that you've admittedly committed, your extensive criminal record, [and] the fact that that record includes numerous instances of domestic violence." The court sentenced Thurman to a total period of incarceration not to exceed thirty-five years. In declining to suspend the prison sentence, the court considered, among other things, "[t]he information in the PSI." Thurman appeals.

## II. Standard of Review.

We review criminal sentences for a correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Yet when a defendant fails to preserve error and requests review under an ineffective-assistance-of-counsel framework, review is de novo. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

## III. Analysis.

On appeal, Thurman argues the district court considered improper sentencing factors when it considered (1) Thurman's scores on standardized risk assessment tools and (2) the DCS sentencing recommendation. "'[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required,' even if it was 'merely a "secondary consideration."'" *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (quoting *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000)).

We first find that Thurman has not preserved error on his claims. That said, even under an ineffective-assistance-of-counsel framework, Thurman's claims fail as a matter of law.[3]

In *State v. Headley*, the Iowa Supreme Court considered and rejected claims virtually identical to Thurman's. 926 N.W.2d 545, 551 (Iowa 2019). As for the district court's consideration of standardized risk assessment tools, the court determined, "[o]n their face, the tools provide pertinent information that a sentencing judge may consider. Therefore, we find the district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI." *Id.* The court also concluded that because PSI sentencing recommendations are not binding on the court, a court does not abuse its discretion by considering these recommendations. *Id.* at 552. Because it was not improper for the DCS to include, and the district court to consider, both the risk assessment tools and the sentencing recommendation in the PSI, Thurman cannot show his counsel failed an essential duty by not objecting on these grounds at sentencing.

---

[3] "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). Generally, we do not address claims of ineffective assistance of counsel on direct appeal. *Hopkins*, 860 N.W.2d at 556. Moreover, effective July 1, 2019, the legislature prohibited an appellate court from addressing an ineffective-assistance-of-counsel claim on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 914.7 (2019)). This amendment applies prospectively only and does not affect this case. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019.").

**IV. Disposition.**

For these reasons, we affirm the district court's judgment and sentence.

**AFFIRMED.**