# IN THE COURT OF APPEALS OF IOWA

No. 19-1119
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA LEON BEGLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter,

District Associate Judge.


        Joshua Begle appeals his sentence for one count of operating a motor

vehicle without owner's consent, in violation of Iowa Code section 714.7 (2019).

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and May and Greer, JJ.

**GREER, Judge.**

Joshua Begle challenges the sentence imposed following his guilty plea.[1] We find Begle's arguments without merit and affirm.

## I. Background Facts and Proceedings.

In June 2019, Begle pled guilty to one count of operating a motor vehicle without owner's consent in violation of Iowa Code section 714.7. In exchange for Begle's plea, the State agreed to recommend he serve an indeterminate prison term not to exceed two years to run concurrently with a previously imposed sentence for a parole violation. The court was not bound by the plea agreement's sentencing recommendation. The court accepted Begle's guilty plea.

At sentencing, the State stood by its recommendation in the plea agreement, which Begle joined. The State recommended the court follow the plea agreement "in light of the fact that the defendant is already serving a parole violation in this case." The prosecutor told the court, "This will add a few more months' time to Mr. Begle's parole violation thus provide the necessary sentencing for the operating a motor vehicle without owner's consent." The court then had the following exchange with the parties:

> THE COURT: Okay. What do you mean going to add a few months to the . . . parole violation?
> PROSECUTOR: My understanding is that it will add a few months to—he was going to be discharged as of February 2020, that's my understanding, and so this would add some extra time.

---

[1] The amended Iowa Code section 814.6(1)(a)(3) (2019) prohibits appeals from guilty pleas other than those for class "A" felonies or where a defendant establishes good cause. The amendments took effect July 1, 2019. Here, judgment was entered against Begle on June 7, 2019, and he filed his notice of appeal on July 2, 2019. The "amendments do not apply retroactively to appeals *from judgments entered before July 1, 2019.*" *State v. Gordon*, ___ N.W.2d ___, ___, 2020 WL 2090108, at *4 (Iowa 2020) (emphasis added). So Begle's appeal is not prohibited.

THE COURT: This conviction in my sentence here isn't going to do any of that if I follow your agreement. Your agreement is that it be a concurrent sentence.

PROSECUTOR: Yes, it will, even though—correct, it will.

THE COURT: But that's a function of the parole case.

PROSECUTOR: Correct.

THE COURT: I'm not allowed to consider those collateral issues in my ruling for this charge.

PROSECUTOR: Right.

THE COURT: You agree with that?

PROSECUTOR: I do agree with that.

THE COURT: Okay. I'm just going to make that clear for the record that I'm not considering what that would have as an impact on the parole case.

PROSECUTOR: The court is correct. Thank you.

THE COURT: Okay. [Defense counsel]?

DEFENSE COUNSEL: Your Honor, we would ask the court follow the recommendations of the negotiations. [The prosecutor] is correct, it would be a little bit of overlap, even if the court does view a concurrent sentence. It would be concurrent from the day of this sentencing or the court determines an earlier date that it would apply for the concurrent time, but there will be some overlap so that the discharge date will be moved out a few extra months because you can't get concurrent time for the whole entire time so we do feel that it is an appropriate sentence.

Mr. Begle has been incarcerated for several years and currently is incarcerated as a result of . . . parole violation. He does understand that this will result in a little bit of extra time for him and he is aware of that and he feels that it is appropriate given the circumstances despite the fact he's already served a considerable amount of time in prison already.

With no requirement that the court follow the plea terms, the court rejected the sentencing recommendation and instead sentenced Begle to serve a term of incarceration not to exceed two years, with the term to run consecutively to his previously imposed sentence. The court stated these reasons for the sentence:

All right. When I make a decision about sentencing I have to take into account several factors. I consider your age, the nature of the offense, the need for rehabilitation, also your criminal history, crime to any victim, your family situation and also the impact a sentence would have on current employment or future employment.

When I factor everything together and I consider the harm to the victim and I consider your criminal history, the nature of the

offense, it isn't appropriate for a concurrent sentence here. I'm not going to do it.

It's going to be a consecutive two-year prison sentence and a fine of $625 as well.

In the sentencing order, the court noted that it considered all of the sentencing factors in Iowa Code section 907.5 and found the nature of the offense and the plea agreement the most significant factors. Begle appeals.

## II. Standard of Review.

"We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* A "ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014).

## III. Analysis.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not vacate a sentence on appeal 'unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors.'" *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (per curiam) (quoting *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)). "However, '[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required,' even if it was 'merely a "secondary consideration."'" *Id.* at 243 (alteration in original) (citation omitted).

On appeal, Begle claims his case should be remanded for resentencing because the court: (A) improperly considered his parole eligibility in imposing his sentence; (B) abused its discretion by imposing a consecutive rather than concurrent sentence; and (C) did not state sufficient reasons for the sentence on the record. We will consider his arguments in turn.

**A.  Considering Parole Eligibility.**  Begle first argues the district court impermissibly considered his parole eligibility when imposing the sentence. "We have said a sentencing court impermissibly invades the prerogative of the parole board by considering the effect a sentence will have on a defendant's parole date." *State v. Bentley*, 757 N.W.2d 257, 266 (Iowa 2008); *see also State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977) (same).

Here, the district court explicitly noted it would not consider the effect of Begle's sentence on his parole eligibility before it imposed the sentence. *Contra Lovell*, 857 N.W.2d at 243 (striking down a sentence after the sentencing court referred to impermissible factors when imposing the sentence, even though it said it was not relying on those factors, because there was no way to "speculate about the weight the sentencing court gave to these unknown circumstances"). For that reason, we find this claim of error without merit.

**B.  Reasons for a Consecutive Sentence.**  Begle next argues the sentencing court considered improper factors when imposing the consecutive sentence. Begle claims the court considered unproven offenses in the victim impact statement and Begle's criminal history that was not disclosed in the record.

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'  Rule

2.23(3)(d) applies to the district court's decision to impose consecutive sentences." *Hill*, 878 N.W.2d at 273. Stating the reasons for a sentence "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (citation omitted). Although in imposing a consecutive sentence, "the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* at 275. "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro*, 638 N.W.2d at 725.

1. *Unproven offenses.* Begle claims the victim alleged unproven and uncharged offenses during her impact statement. Specifically, the victim claimed Begle destroyed stickers on the vehicle, took property from the vehicle, and left drugs on the center console. Because the court relied on "the harm to the victim" while imposing the sentence, Begle argues the court necessarily considered these unproven offenses.

Here, there is no evidence that by considering "the harm to the victim" resulting from Begle's crime the court considered the unproven allegations the victim made during her statement. *See State v. Sailer*, 587 N.W.2d 756, 761 (Iowa 1998) ("We trust the sentencing court with the discretion and responsibility to avoid consideration of any unproven offenses which may arise in the content of the victim impact statement."). Considering the nature of the offense, including the harm the defendant causes to the victim, is pertinent information at sentencing. *See* Iowa Code § 901.5(3) ("After receiving and examining all pertinent information, including

the presentence investigation report and victim impact statements" the court must determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."); *see also State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994) (noting the court may consider "the nature of the offense [and] the attending circumstances" when imposing a sentence). Begle failed to show the court considered any unproven offenses in the victim impact statement.

2. *Criminal history.* Begle also claims the court improperly considered his criminal history because it was outside the record at sentencing. He does not establish which crimes he believes the court improperly considered.

It was no secret that Begle was currently serving a sentence for a parole violation. The memorandum accompanying the plea agreement specifically addressed his "present parole violation incarceration." At sentencing, Begle acknowledged he was serving the parole-violation sentence. For that reason, the court could properly consider that conviction as part of Begle's criminal history and did not abuse its discretion by relying on it at sentencing. *See Formaro*, 638 N.W.2d at 725; s*ee also State v. Goodwin*, No. 16-1346, 2017 WL 2461603, at *2 (Iowa Ct. App. June 7, 2017) (concluding that the sentencing court considering, among other things, a defendant's criminal history, did not abuse its discretion in imposing sentence); *State v. Sigler*, No. 03-0206, 2003 WL 22089322, at *1 (Iowa Ct. App. Sept. 10, 2003) ("We find the district court properly considered the pertinent sentencing factors in applying its discretion by considering [the defendant]'s . . . criminal history . . . .").

**C.  Sufficiency of Reasons for Sentence.**  Finally, Begle argues the court did not state sufficient reasons for the sentence.  Begle points to the sentencing order, which listed "The nature and circumstances of the crime" and "[t]he plea agreement" as the "most significant" factors in determining the sentence.

"While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'"  *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).  "A terse and succinct statement is sufficient, however, only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court."  *Id.*

While Begle directs us to the sentencing order, we also note the court's statement on the record at the sentencing hearing detailing the reasons for the particular sentence it imposed.  We find the district court's statement of reasons for the sentence was sufficient.

**IV.  Disposition.**

For all of the above-stated reasons, we affirm the district court's sentencing order.

**AFFIRMED.**