# IN THE COURT OF APPEALS OF IOWA

No. 22-1075
Filed November 8, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**NICHOLAS LEE CAMPIE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Clinton County, Stuart P. Werling, Judge.

      Defendant appeals his sentences following convictions for enticing a minor and lascivious acts with a child. **REVERSED AND REMANDED FOR RESENTENCING.**

      Kent A. Simmons, Bettendorf, for appellant.

      Brenna Bird, Attorney General, and Thomas E. Bakke and Thomas J. Ogden, Assistant Attorneys General, for appellee.

      Considered by Greer, P.J., Ahlers, J., and Carr, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Nicholas Campie appeals his sentences following convictions for enticing a minor and lascivious acts with a child. We conclude the district court abused its discretion by considering improper factors while sentencing Campie. The court considered matters that were not supported by the evidence. Campie is entitled to a new sentencing hearing before a different judge. We reverse Campie's sentences and remand for a new sentencing hearing.

## I.    Background Facts & Proceedings

Campie pled guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(1)(b) (2020),[1] a class "C" felony, and enticing a minor, in violation of section 710.10(2),[2] a class "D" felony. The parties agreed there were no promises in regard to sentencing.

At the plea hearing, Campie did not admit to all of the minutes of testimony. For the charge of lascivious acts with a child, defense counsel clarified:

> It's the agreement of the parties that he's entered the plea of guilty to subsection (b), so the portions of the Minutes that we are not contesting are those that relate to him permitting the individual to

---

[1] This section provides:
> It is unlawful for any person sixteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
>
> . . .
> (b) Permit or cause a child to fondle or touch the person's genitals of pubes.

[2] This section provides:
> A person commits a class "D" felony when, without authority and with the intent to commit an illegal sex act upon or sexual exploitation of a minor under the age of sixteen, the person entices or attempts to entice a person reasonably believed to be under the age of sixteen including a law enforcement officer or agent posing as a minor under the age of sixteen.

fondle or touch his genitalia. And it was our intention that the plea be to [section] 709.8(1)(b). Just to clarify that.

Campie gave a factual basis for the plea, stating:

I met a girl on Snapchat and I met up with her and—for a sex act and she turned out to not be the age that I thought she was. And— . . . . Okay. Well, after I picked her up, she like attempted to touch my penis, and it was—she did touch my penis. And after I got home, I didn't—I realized that she wasn't as old as she said she was, so I took her back home.

On the court's questioning, Campie stated he was eighteen years old at the time and the child was ten.

Campie also signed a written guilty plea to the charge of enticing a minor. The factual basis for this charge states:

On April 23, 2020, in Clinton County, Iowa, I met a girl on Snapchat. We made a plan for me to pick her up and go to my house to have sex. I did not take any steps to verify her age. I was 18 and she was under 13. She got in my vehicle for that purpose.

Campie accepted "the minutes of testimony as substantially true as to the elements of these charges, with the exclusion of the . . . statements" that he performed a sex act on the victim. The court accepted Campie's guilty pleas.

Prior to sentencing, Campie had a psychological evaluation with Dr. Luis Rosell. The report stated, "[Campie] reported not being aware of her age, and she agreed to the sexual encounter. By law, she cannot consent." Dr. Rosell found, "These appear to have been isolated incidents, and there is no pattern of this type of behavior." On testing,[3] Campie was determined to have a low risk to reoffend. The report noted Campie was a teenager when the incident occurred.

---

[3] Campie was administered the Personality Assessment Inventory, Static-99R, Juvenile Sex Offender Assessment Protocol, and Juvenile Sexual Offense Recidivism Risk Assessment Tool-II.

When asked for his version of events for the pre-sentence investigation report (PSI), Campie stated, "I was present." The PSI stated Campie "fail[ed] to realize the seriousness of his actions and is clearly minimizing them."[4] The PSI "strongly recommended" incarceration.

The sentencing hearing was held on May 26, 2022. Dr. Rosell testified Campie's risk to reoffend was low. Campie stated, "I wish that I took a different more responsible route rather than what is occurring but just like to apologize to the family is all."

The district court stated, "[T]he real issue is whether or not the defendant's a sexual predator because that's the issue that we need to confront in terms of sentencing." The court found that Campie knew at the time the victim entered his car that she was a child, stating, "There's simply no way that this defendant did not know that she was not eighteen years old, not fourteen years old." The court also noted Campie's lack of remorse, stating "he has not in fact expressed remorse, not in fact expressed an understanding of the seriousness, the real seriousness of the sexually predatory conduct that he engaged in."

Campie was sentenced to a term of imprisonment not to exceed ten years on the charge of lascivious acts with a child and five years on the charge of enticing a minor, to be served consecutively. He was ordered to pay fines and to serve a special sentence pursuant to section 903B.1. Campie appeals his sentences.

---

[4] The PSI raised a concern that Campie's actions "reflect[ed] the start of a pattern of reckless and sexually aggressive behavior." Campie objected to this statement in the PSI. There was no information in the record of other instances where Campie had engaged in this type of behavior.

## II. Standard of Review

A sentence that falls within the statutory limits is reviewed "with a strong presumption in its favor." *State v. Formaro*, 638 N.W. 2d 720, 724 (Iowa 2002). "To warrant reversal of a sentence, the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022) (citation omitted). An abuse of discretion is shown when the court relies on a reason that is "clearly untenable or unreasonable." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2018).

## III. Sentencing

Campie contends the district court considered impermissible factors in sentencing him.[5] He asserts that the court used uncharged, unprosecuted, and unproven conduct in crafting a sentence. Campie contends the court impermissibly considered whether he was a sexual predator, when this was not asserted by the State and there was no evidence to support such a finding. Campie also asserts that the court impermissibly determined Campie knew the victim was ten years old when he picked her up, when Campie did not make this admission in his guilty plea.

"A court abuses its discretion when it relies on impermissible factors to sentence a defendant." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). "[A] defect in the sentencing procedure such as the trial court's consideration of impermissible factors" entitles the defendant to a new sentencing hearing. *Id.*

---

[5] Following a guilty plea, a defendant must have good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021). Campie is challenging his sentence, rather than the guilty plea, so he has established good cause to appeal. *See State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022).

(citation omitted). A court's reliance on an unproven offense is an impermissible factor. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "[W]e will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). The defendant has the burden to show the court relied upon improper evidence. *Id.* A defendant should be resentenced even if the improper evidence "was merely a 'secondary consideration' of the court." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted).

The Iowa Supreme Court has stated:

> We have previously held that minutes of testimony attached to a trial information do not necessarily provide facts that may be relied upon and considered by a sentencing court. [*State v. ]Black,* 324 N.W.2d [313,] 316 [(Iowa 1982)]. Minutes can be used to establish a factual basis for a charge to which a defendant pleads guilty. *Id.* "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *Id.* Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them. *See id.*

*State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). "Information contained in the minutes of testimony is not a permissible sentencing consideration if unproven." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).

The district court stated:

> [T]he real issue is whether or not the defendant's a sexual predator because that's the issue that we need to confront in terms of sentencing.
> The defendant—to the extent that the defendant was misled by a date through Snapchat, I suspect that that conduct happens frequently, regularly and if not daily around the world. People present themselves to be other than what they are. Regardless, the

defendant was an adult at the time and the victim in this case was a ten-year-old. There's just simply no way that this defendant did not know that she was not eighteen years old, not fourteen years old. When she walked out that door she is ten years old. She's a child. The defendant could have and should have simply rolled down the window and said, I'm sorry. This isn't going to work, and left and we wouldn't all be here today but he didn't. He decided to proceed and pursuant to his plea of guilty he at least allowed if not encouraged this ten-year-old child to perform a sex act on him. All of these things he did knowingly and intelligently and voluntarily realizing that the other person in the conduct was a child.

The State contends the district court properly used the terms "sexual predator" and "sexually predatory offense" because lascivious acts with a child is defined as a sexually predatory offense under section 901A.1(1)(a).[6] The categorization of the offense as a sexually predatory offense is relevant when a person has a prior conviction for a sexually predatory offense, resulting in enhanced sentencing. *See* Iowa Code §901A.2. Campie did not have any prior sex-related offenses so the issue of enhanced sentencing for sexually predatory offenses under section 901A.2 did not arise. For this reason, there was no need for a determination of whether Campie was a "sexual predator."

The State also asserts that the court might have been using the term "sexual predator" in a colloquial, not legal, manner. This term is defined as, "a person who repeatedly commits sexual assault or other sex-related crimes, often targeting a specific type of victim." *Sexual predator*, Dictionary.com, http://www.dictionary.com/browse/sexual-predator, last visited Nov. 1, 2023. Also, "a person who has committed a sexually violent offense and especially one who is

---

[6] Section 901A.1(1)(a) defines a sexually predatory offense as "[a] violation of any provision of chapter 709." Campie pled guilty to lascivious acts with a child, in violation of section 709.8(1)(b).

likely to commit more sexual offenses." *Sexual predator*, Merriam-Webster Online, http://www.merriam-webster.com/dictionary/sexual%20predator (last visited Nov. 1, 2023). Similar to the legal use of the term "sexual predator," the colloquial use also generally refers to a person who has committed multiple sex-related offenses. The record in this case does not contain any indication that Campie committed other sex-related offenses. There is no basis to refer to Campie as a sexual predator in either a legal or colloquial sense.

Following the court's improper statement that it needed to find whether or not Campie was a "sexual predator," the court engaged in a discussion of whether Campie knew at the time he picked up the victim that she was younger than she had told him she was. Although the victim's age was pertinent to the elements of the offenses, the question of whether Campie knew her age at the time he picked her up goes to a different issue—whether he was a person who was "targeting a specific type of victim," that is, young girls. *See Sexual predator*, Dictionary.com, http://www.dictionary.com/browse/sexual-predator (last visited Nov. 1, 2023). The discussion of whether Campie was aware of the age of the victim is related to the court's improper consideration of whether Campie was a sexual predator.

Even if the discussion of Campie's awareness of the victim's actual age was a valid consideration, there were no facts in the record to support the court's conclusion "[t]here's simply no way that this defendant did not know that she was not eighteen years old, not fourteen years old," at the time she got in his car. At the plea hearing, Campie stated, "And after I got home, I didn't—I realized that she wasn't as old as she said she was, so I took her back home." In his written guilty plea he stated, "We made a plan for me to pick her up and go to my house to have

sex. I did not take any steps to verify her age." "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true". *State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020). In the plea proceedings, Campie admitted only the bare minimum of the minutes of testimony to establish a factual basis for his guilty pleas.

The State asserts that the PSI incorporated the trial information and minutes of testimony and Campie did not object to the incorporation of the minutes, so the court could rely upon them. *See State v. Gordon*, 921 N.W.2d 19, 25 (Iowa 2018) ("In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant.").

The PSI does not state that the minutes of testimony were incorporated into the report, it states, "Please refer to the Trial Information and Minutes of Testimony filed in this matter for the official version and circumstances of this offense." Furthermore, Campie gave a written statement of corrections, omissions, and additions to the PSI, which states:

> There are contents of the Trial Information and Minutes of Testimony that were specifically refuted in the Guilty Plea. The Defendant entered a Guilty Plea to those facts pertaining to the occurrence on April 23, 2020, which support the conviction of the two counts for which he is being sentenced and specifically denied any statement concerning the allegation that he had performed a sex act on [the victim].

His written statement also refers to the psychosocial evaluation, where Campie stated, "I went to pick her up and we drove to my house. We were there for about thirty minutes. I could tell she was young when I got to my home. I could not tell in the car." Because Campie challenged those parts of the minutes of testimony he did not specifically admit to as part of his guilty pleas, the court could not

consider the remainder of the minutes. *See Lovell*, 857 N.W.2d at 243 ("Information contained in the minutes of testimony is not a permissible sentencing consideration if unproven.").

We conclude the district court abused its discretion by considering improper factors while sentencing Campie. *See West Vangen*, 975 N.W.2d at 355 ("A court abuses its discretion when it relies on impermissible factors to sentence a defendant."). Campie is entitled to a new sentencing hearing before a different judge. *See id.* We reverse Campie's sentences and remand for a new sentencing hearing.

**REVERSED AND REMANDED FOR RESENTENCING.**