# IN THE SUPREME COURT OF IOWA

No. 13–1895

Filed December 19, 2014

**STATE OF IOWA,**

Appellee,

vs.

**WARREN WILLIAM LOVELL,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Muscatine County, Mary E. Howes, Judge.

The defendant seeks further review of a court of appeals decision affirming his sentence. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellant Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather A. Mapes, Assistant Attorney General, and Alan Ostergren, County Attorney, for appellee.

**PER CURIAM.**

Warren William Lovell appeals from his sentence following resentencing for two counts of incest. In August 2012, Lovell was charged with two counts of sexual abuse in the third degree and pled guilty to two counts of incest, in violation of Iowa Code section 726.2 (2011). The district court sentenced Lovell to two consecutive terms of incarceration not to exceed five years, but during sentencing relied upon the unproven allegation that Lovell paid the victim money in exchange for sex. Lovell appealed. We granted a summary reversal and remanded the case for resentencing before a different judge on the grounds the district court had relied upon an improper sentencing consideration.

Upon resentencing, the district court again sentenced Lovell to two consecutive terms of incarceration not to exceed five years, but in doing so again referred to the impermissible sentencing factor stating,

> Well, Mr. Lovell, the problem with your case is, although you have a lack of criminal history, this is extremely offensive, obviously, in the eyes of the law, and in the eyes of the Court because [the victim] was in a vulnerable position. . . . In reading the case, she is desperate for diapers for her baby, and then, for sex, you're giving her money.

When Lovell's attorney informed the district court that reference to the same impermissible sentencing factor was the reason the case was remanded for resentencing, the district court attempted to disclaim such reference by saying, "Right, and I'm not relying on that, which it's in the Minutes of Testimony, but I guess, he didn't plead guilty to that." The district court continued, "Okay. Well, it's incest, and it's offensive to the Court."

The law is clear regarding consideration of impermissible sentencing factors. We will not vacate a sentence on appeal "unless the

defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). However, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required," even if it was "merely a 'secondary consideration.'" *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (quoting *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981)). Information contained in the minutes of testimony is not a permissible sentencing consideration if unproven. "The sentencing court should only consider those facts contained in the minutes [of testimony] that are admitted to or otherwise established as true." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982); *see also State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes [of testimony] are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.").

Here, although the district court attempted to disclaim the reference to the impermissible sentencing factor, "we cannot speculate about the weight the sentencing court gave to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence." *Black*, 324 N.W.2d at 316. In order to protect the integrity of our judicial system from the appearance of impropriety, we vacate the defendant's sentence and remand the case to the district court for resentencing before a different judge consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

This opinion shall be published.