# IN THE COURT OF APPEALS OF IOWA

No. 14-1367
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA MICHAEL BERGEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, Cynthia H. Danielson (plea hearing) and John M. Wright (sentencing), Judges.

        Joshua Bergen appeals his sentence for burglary in the third degree.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Ryan Ashley, Legal Intern, Adam Parsons, County Attorney, and David L. Matthews, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and McDonald, JJ.

**VAITHESWARAN, P.J.**

Joshua Bergan appeals his judgment and sentence for third-degree burglary. He contends the State breached the plea agreement and the district court relied on an unproven charge in sentencing him.

### I.    *Background Proceedings*

The State charged Bergen with three counts of third-degree burglary, in connection with multiple break-ins and thefts from the same home. *See* Iowa Code § 713.6A(1) (2013). The trial information specified a distinct time frame for each count: January 1 through January 11, 2014 for count I; "the 26th-27th days of January, 2014" for count II; and January 27 through February 10, 2014 for count III. The minutes of testimony narrated a series of events occurring in each time frame. For "January 26-27, 2014," corresponding with count II, the minutes stated, "this time they gained entrance by damaging a deadbolt lock and forcing the door open" and "on this occasion, it appeared that whoever entered the residence had made themselves at home."

Bergen agreed to plead guilty to count I in exchange for dismissal of counts II and III at the expiration of the appeal period. The district court accepted the plea. In imposing sentence, the court referred to two events described in the minutes as occurring on the "26th-27th of January, 2014." The court stated, "you made yourself at home when you did go to that person's home." The court further mentioned "damage [to] someone's property." Based on these and other reasons, the court sentenced Bergen to prison.

## II. Analysis

On appeal, Bergen contends the prosecutor did not dismiss counts II and III, as agreed, and his attorney was ineffective in failing to challenge this claimed breach of the plea agreement. We are not persuaded by this argument.

As noted, Bergen's plea agreement stated counts II and III would be dismissed only at the expiration of the appeal period. The appeal period had yet to begin let alone expire at the time of the plea and sentencing hearings. Accordingly, there could be no breach of the plea agreement by the prosecutor or breach of an essential duty by Bergen's attorney. *See State v. Lyman*, 776 N.W.2d 865, 878 (Iowa 2010) (to determine if trial counsel failed to perform an essential duty, trial counsel's performance is measured "objectively by determining whether counsel's assistance was reasonable, under prevailing professional norms, considering all the circumstances").

Bergen also contends the district court considered unproven or unadmitted facts in sentencing him. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors."). He cites the court's reference to allegations concerning count II, which was to be dismissed. *See id.* (quoting *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1986) ("The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true.")). The State concedes error on this point based on *State v. Lovell*, 857 N.W.2d 241, 243

(Iowa 2014). There, the Iowa Supreme Court vacated a sentence and remanded for resentencing before a different judge in light of the district court's discussion of an unproven allegation contained in the minutes. *Lovell*, 857 N.W.2d at 243. Accordingly, we vacate Bergen's sentence and remand to the district court for resentencing before a different judge.

**AFFIRMED IN PART, VACTAED IN PART, AND REMANDED FOR RESENTENCING.**