**IN THE COURT OF APPEALS OF IOWA**

No. 17-0398
Filed November 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC HERNANDEZ,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        A defendant appeals the sentence imposed following his guilty plea to

second-degree theft.  **AFFIRMED.**


        Mark C. Smith, Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellate.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Eric Hernandez appeals the prison sentence imposed following his plea to second-degree theft in Polk County. He contends the district court impermissibly considered an unproven offense, and he seeks resentencing. Finding the sentencing court properly considered a proven offense, we affirm.

## I.  Facts and Prior Proceedings

After police officers found Hernandez in possession of a stolen truck in Polk County, the State charged him with first-degree theft. Hernandez posted bond and was released on March 29, 2016. The State and Hernandez entered into a written plea bargain in which Hernandez agreed to enter an *Alford* plea[1] to the lesser charge of second-degree theft and the State agreed to dismiss an habitual offender enhancement. The parties were "free to argue sentencing." On January 11, 2017, the court accepted Hernandez's plea, set sentencing for February 23, 2017, and ordered a presentence investigation (PSI) report.

The PSI report showed Hernandez had been convicted of possession of controlled substances in 2014, with his appeal concluding unsuccessfully in August 2015. Although he was ordered to serve a ten-year prison term, no arrest warrant issued. The PSI report also disclosed the State had charged Hernandez with possession of a controlled substance, third or subsequent offense, in Marshall County, on August 24, 2016. Hernandez committed this new drug charge (FECR089657) while free on bond in the Polk County theft case.

---

[1] An *Alford* plea allows a defendant to maintain his innocence while acknowledging the State has sufficient evidence for a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Hernandez told the PSI reporter his use of methamphetamine was a contributing factor in the new drug charge. The PSI report also stated a sentencing hearing in the drug case was scheduled for February 27, 2017—four days after the Polk County sentencing hearing for theft. The PSI reporter recommended incarceration with a substance-abuse evaluation.

During the sentencing hearing in the instant theft case, the State recommended Hernandez serve a term of imprisonment, and Hernandez sought a suspended sentence. The court followed the recommendations of the State and the PSI reporter, ordering Hernandez to serve an indeterminate five-year term of incarceration consecutive to the sentence for his 2014 drug conviction. Hernandez appeals.

## II.      Scope and Standard of Review

We review sentencing decisions for legal error. *See* Iowa R. App. P. 6.907. We will not vacate Hernandez's sentence unless he is able to demonstrate an abuse of the district court's discretion or a defect in the sentencing procedure. *See State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). Because Hernandez's sentence is within the statutory limits, he "must affirmatively show that the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

## III.     Analysis

Hernandez claims the sentencing court considered the improper factor of an unproven drug offense in Marshall County. Hernandez admits the PSI report noted the specific date set for sentencing on the Marshall County offense, but he argues:

The PSI did not disclose any further details about the pending case, such as whether a plea had been entered or a trial had occurred, noting only that it was a "pending offense." Thus, the PSI left it unclear whether Hernandez had admitted guilt in the pending case. As well, Hernandez did not admit his guilt in the pending case during his interview with the PSI writer, except to acknowledge that methamphetamine was involved in the pending offense.

Hernandez concludes, because the new drug case "was unresolved and [he] had not admitted his guilt in that case, it was improper for the court to consider it when imposing sentence" in the theft case.

The State asserts the new drug offense was "necessarily proved if a sentencing hearing was scheduled"—proved either by a conviction following a trial or by a guilty plea. We agree with that assertion. While Hernandez attaches significance to the PSI reporter's characterization of his new drug conviction as a "pending offense," in context the "pending" designation refers to the fact a sentence had not yet been imposed.

Further, Hernandez did not dispute at the sentencing hearing on his theft offense that he had committed an additional offense in Marshall County as stated in the PSI report. In fact, defense counsel explained to the court "the other one, which he has a sentencing for on Monday in Marshall County, was a drug crime." And Hernandez told the court: "I just am trying my hardest to stay out of trouble. And I was doing okay before the drug thing." The record reveals a proper exercise of sentencing discretion. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (stating sentencing court may consider another offense where "the facts before the court show the accused committed the offense").

**AFFIRMED.**