# IN THE COURT OF APPEALS OF IOWA

No. 20-0126
Filed October 7, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RYAN JACOB WIENEKE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Benton County, Christopher L. Bruns, Judge.

Ryan Wieneke appeals his conviction, sentence, and judgment following his guilty plea. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Ryan Wieneke appeals the sentence imposed following his guilty plea to the charge of domestic abuse assault while displaying a dangerous weapon, in violation of Iowa Code sections 708.2A(1) and 708.2A(2)(c) (2020). Wieneke argues the district court abused its discretion by considering facts outside the record when sentencing him.[1]

We review the district court's sentencing decision for abuse of discretion where the sentence is within statutory limits. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553 (quoting *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)). We must vacate the sentence if the district court considered any impermissible factors—even when the impermissible factors are a "secondary consideration." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).

The district court gave the following reasons for the sentence imposed:

> THE COURT: Okay. In deciding our outcome here I've considered the maximum opportunity for rehabilitation of Mr. Wieneke. I've considered the need to protect the community from further offenses by him and others. I've paid careful attention to the nature of this offense. The record should reflect I've reviewed the file, including the minutes of testimony.

---

[1] In his appellate brief, Wieneke argues his appeal is not barred by Iowa Code section 814.6, which bars appeals where a defendant pleads guilty except where the defendant pleads guilty to a class "A" felony or where the defendant has established good cause. Iowa Code § 814.6(1)(a)(3). The Iowa Supreme Court recently ruled that section 814.6 does not bar challenges to the sentence itself. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("A sentencing error invariably arises after the court has accepted the guilty plea. This timing provides a legally sufficient reason to appeal notwithstanding the guilty plea."). Based on the ruling in *Damme*, it is unnecessary to further address this issue on appeal.

I've considered Mr. Wieneke's lack of a previous record. I've considered, to the extent I have it, the information as to his age, education and employment and family circumstances. I have no recommendation from the county attorney. I have no recommendation from the Department of Corrections because this is not a case where a PSI was done. I have the recommendation from the victim—or the arguments from the victim, to the extent I can consider those. I have the arguments from the defense side. I have the State standing silent.

I do, ma'am, have your request that I order restitution in this case and I have your victim impact statement.

So, Mr. Wieneke, a couple things strike me about what I've heard today and what I read in the court file. This is a very serious underlying event. This is not an event where somebody in anger pushed another person or did something of that nature. This is an event where someone went to the trouble of finding a knife and carrying a knife.

And it's an event where what's described is you initially cutting your wife with the knife and I'm being asked to chalk that up as an accident by your side here. You didn't accidentally stab the tire of the vehicle, the flattened vehicle.

THE DEFENDANT: Correct, Your Honor. That was intentional.

THE COURT: And this is a very serious underlying assault. My personal view of people who commit crimes with knives is they are very willing to get up close and personal to someone else in causing harm. And you've told me you're a previous member of the Armed Services, so I have to presume that you have some combat training. Is that accurate?

THE DEFENDANT: Yes, Your Honor. I do have more to say, if you don't mind.

THE COURT: You've made your statement, sir.

THE DEFENDANT: All right.

THE COURT: And it concerns me that I have someone who has training from the military who's using a knife. I understand your explanation, but I don't find your explanation to be particularly credible. You're either using that knife in a tremendously careless manner or, more likely, you're using that knife to at least invoke fear in another person. The injury may or may not have been on purpose, but invoking the fear when you committed this crime was something you did on purpose.

I don't find that this is a crime where the need to rehabilitate you is so great that I should give you a deferred judgment. I also don't find this is a crime where it makes sense for me to send you to prison for two years, which is what the victim is asking me to do, because if I send you to prison for two years you're not going to pay

child support. You're not going to pay restitution because you won't be able to.

So having considered all the factors I'm required to consider by Iowa law, I sentence you to be confined for an indeterminate term not to exceed two years.

The district court went on to suspend all but six days of the sentence.[2]

Wieneke challenges the district court's remark, "My personal view of people who commit crimes with knives is they are very willing to get up close and personal to someone else in causing harm." He argues this remark demonstrates the district court improperly considered the court's own personal opinion and considered facts outside the record when sentencing him.

We read the court's remark differently. While the first portion of the court's statement suggests the court may be about to express a personal belief, the rest of the statement merely conveys the obvious observation that people who use knives as weapons generally use them in a manner that brings them close to their victims. We do not view this observation as an improper statement based on facts outside the record or based on the court's personal experience, but as a common-

---

[2] The sentence of an indeterminate term of two years with all but six days suspended appears to be an improper split sentence. *See Formaro*, 638 N.W.2d at 742 ("We conclude that the language in section 901.5(3), which authorizes a sentencing judge to 'suspend the execution of the sentence or any part of it,' is only intended to authorize the suspension of a portion of a sentence in regard to determinate sentencing orders. No such authority exists with respect to an indeterminate sentence."); *State v. Bergstrom*, No. 13-0144, 2014 WL 956068, at *1 (Iowa Ct. App. Mar. 12, 2014) (finding the sentencing court lacked authority to impose an indeterminate two-year prison sentence and suspend all but twenty days of it); *State v. Stephens*, No. 00-1032, 2011 WL 1450992, at *2 (Iowa Ct. App. Nov. 16, 2001) (finding an "illegal split sentence" by imposing an indeterminate two-year prison term, suspending all but ninety days of it, and ordering the defendant to serve the unsuspended time in jail). However, because neither party has raised this issue, we decline to address it. We mention it solely for the purpose of making it clear that our failure to further address the issue should not be viewed as approving or condoning imposition of a split sentence.

sense observation about the nature of knife-related crimes.  This remark alone is insufficient to meet Wieneke's affirmative burden to show the district court relied on an improper factor when sentencing him.  *See Damme*, 944 N.W.2d at 106 (noting a defendant "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor").  We affirm.

**AFFIRMED.**