# IN THE COURT OF APPEALS OF IOWA

No. 21-1926
Filed October 19, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH RICARDO CRUZ CORDERO,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hardin County, James A. McGlynn, Judge.

A defendant appeals his sentence, claiming the sentencing court relied on improper factors. **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawn) and Olivia D. Brooks, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Joseph Cruz[1] was found guilty of sexual abuse in the third degree following a trial on the minutes on October 19, 2021. The conviction was based on abuse Cruz perpetrated against a fourteen-year-old girl. Cruz was already serving a twenty-five-year sentence for distribution of drugs to a minor concurrently with a ten-year sentence for a separate incident of sexual abuse in the third degree at the time of the sentencing hearing.[2]

A sentencing hearing was held December 7. After concluding that Cruz's actions warranted a term in prison for the instant offense, the district court explained its reasoning for making the sentence run consecutively to his prior convictions:

> There's—I don't know if there's an appeal going on in that other case. I don't know if you some day might . . . try to challenge. I think it's important for the victim in this case, for society, because of this case, for a separate sentence to stand and not be dependent upon what's going on in some other case that, for all I know, could be thrown out for one reason or another. I mean, I don't know any reason why that would occur; but I think the sentence in this case needs to stand on its own and—and not just run along with the other one. I think it needs to be recognized for the severity of the facts as they are.

The court sentenced Cruz to ten years in prison, to run consecutively to his prior convictions. Cruz appeals, challenging the court's decision to run the instant sentence consecutively to his other convictions.

"Our review of a sentence imposed in a criminal case is for correction of errors at law. We will not reverse the decision of the district court absent an abuse

---

[1] While the defendant's legal last name is Cruz Cordero, he informed the district court he uses the surname Cruz.

[2] Cruz was convicted on those charges by jury trial on March 31, 2020.

of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (internal citation omitted). A court abuses its "discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) (quoting *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018)).

Cruz claims the district court wrongly considered the possibility that his other convictions could be overturned on appeal when it decided to run his sentence consecutively to his other convictions. We agree. Of particular concern is the court's statement, "I think it's important for the victim in this case, for society, because of this case, *for a separate sentence to stand and not be dependent upon what's going on in some other case that, for all I know, could be thrown out for one reason or another.*" (Emphasis added.) Contrary to the district court's statement, Cruz's instant sentence could not be dependent on a successful appeal of other convictions. If, hypothetically, Cruz's other convictions were overturned on appeal, he would still have to serve the ten-year term he was sentenced to on the instant proceeding. This is true whether this sentence ran consecutively to or concurrent with his prior convictions. Thus, one of the district court's reasons for ordering the sentence to run consecutively to Cruz's other sentences is clearly unreasonable, as it is based on an outcome that is not legally possible.

We disagree with the State that the court did not affirmatively rely on the impermissible factor when deciding the sentence. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("In order to overcome the presumption of the proper exercise of this discretion, there must be an affirmative showing that the trial judge relied on [an impermissible factor]."). It is true that the court discussed other

relevant factors, including that the instant offense was factually separate from Cruz's prior conviction, Cruz's pattern of offenses, and his failure to accept responsibility. But we highlight the court's strong language when discussing the possibility of a successful appeal: "*I think it's important* . . . for a separate sentence to stand and not be dependent upon" appeals involving other convictions. (Emphasis added.) We do not believe the court would explicitly express the importance of a factor while not relying on it.

It is not this court's role to speculate about the weight the district court placed on the improper factor. *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). Even if it were only a secondary consideration, the use of an improper factor when sentencing is reversible error. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). The State agrees that the proper remedy on a finding that the trial court considered an inappropriate sentencing factor is to vacate the sentence and remand for resentencing in front of a different judge. Accordingly, while Cruz's conviction stands, we vacate Cruz's sentence and remand the case to district court for resentencing before a different judge consistent with this opinion. *Id.*

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**