# IN THE COURT OF APPEALS OF IOWA

No. 22-0422
Filed January 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JESSE ELISHA GARDNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Kirk Daily, District Associate Judge.


        A defendant appeals from the sentence imposed following his guilty pleas to multiple counts of sexual exploitation of a minor. **REVERSED AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jesse Gardner appeals from the sentence imposed following his guilty pleas to twelve counts of sexual exploitation of a minor, in violation of Iowa Code section 728.12(3) (2019). Gardner argues the district court committed multiple errors that should invalidate his sentence. Finding there was indeed error, we vacate Gardner's sentence and remand for resentencing before a different judge.

## I. Background Facts and Proceedings.

After a separate investigation led to the discovery of child pornography in Gardner's possession, the State charged him with multiple counts of sexual exploitation of a minor in September 2020. In January 2022, Gardner filed a written guilty plea to twelve counts of sexual exploitation of a minor. The plea agreement called for two years of incarceration on each count, with the parties free to argue whether the counts should be served concurrently with or consecutively to one another.

The court imposed indeterminate sentences of incarceration not to exceed two years on each count, ran counts one through seven consecutive to each other, and ran counts eight through twelve concurrent with all other counts, for a total of up to fourteen years of incarceration. Pursuant to Iowa Code section 903B.2, the court imposed a special sentence not to exceed ten years, to begin under supervision as if on parole after completion of the underlying sentence.[1] The court also ordered Gardner to register as a sex offender and specifically ordered that

---

[1] We observe that Iowa Code section 903B.2 reads: "The board of parole shall determine whether the person should be released on parole or placed in a work release program." Accordingly, we remind sentencing courts to avoid taking on this responsibility.

Gardner "shall successfully complete the Sex Offender Treatment Program while in prison." Gardner filed a timely notice of appeal.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

## III. Discussion.

Gardner takes issue with three elements of his sentencing: (1) the district court's alleged consideration of minutes of evidence which were not admitted or proven, (2) the requirement to complete sex-offender treatment while incarcerated, and (3) the district court's reference to the length of time necessary to complete sex-offender rehabilitation.

### A. Minutes of Evidence.

Gardner argues the district court relied on unproven and unadmitted statements contained in the minutes of evidence that he allegedly made to law enforcement about why he possessed pornographic images. In its sentencing memorandum and during the sentencing hearing, the State shared statements that Gardner allegedly made to law enforcement regarding his sexual gratification from viewing the materials, and it argued they warranted consecutive sentences on each count. During allocution, Gardner told the court he did not possess the items

underlying his offenses for purposes of sexual gratification, but rather, he sought them out because he was trying to process abuse that he had been subjected to as a child. The court stated that it did not believe Gardner's statements during allocution aligned with what he told the police.

"The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020) (citation omitted). "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.* Gardner maintains that the alleged statements to law enforcement regarding his motivation for possessing the items were not necessary to establish a factual basis and therefore remain denied and ineligible for consideration at sentencing. We agree.

Sexual exploitation of a minor is a general-intent crime. *See State v. Robinson*, 618 N.W.2d 306, 316–19 (Iowa 2000). The minutes reflect Gardner acknowledged his awareness of the items on his phone to police and estimated how many there were. The sentencing court could look to the minutes in this regard to establish Gardner's knowing possession of the items in question, but it was not permitted to go further. The portion of the minutes that conflicted with Gardner's statements during allocution referred to his intent and were not necessary to establish a factual basis. Since "[w]e cannot speculate about the weight a sentencing court assigned to an improper consideration," Gardner's sentence must be vacated and the case remanded for resentencing. *State v.*

*Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). Although we reach this result, we will address Gardner's remaining two arguments for clarity when resentencing him.

> *B. Sex-Offender Treatment.*

Gardner argues the court lacked authority to order him to complete sex-offender treatment while incarcerated. We agree that the court was without statutory authority to order this requirement, and therefore, it constitutes an illegal sentence. *See State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 (Iowa Ct. App. Apr. 14, 2021). We would therefore vacate this portion of the sentencing order. We note the department of corrections may still require Gardner to complete sex-offender treatment. *See Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010).

> *C. Time Necessary to Complete Sex-Offender Treatment.*

Gardner contends his sentence should also be vacated because the district court impermissibly considered the time it might take Gardner to complete sex-offender treatment. During the sentencing hearing, the court acknowledged: "Two years will not allow you to even complete sexual offender treatment." We agree this consideration is an impermissible sentencing factor. *See State v. Delaney*, No. 00-1217, 2001 WL 726007, at *1 (Iowa Ct. App. June 29, 2001) (finding "the court impermissibly imposed consecutive sentences in part to ensure [the defendant] would remain in prison long enough to receive [sex-offender] treatment"). "[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required, even if it was merely a secondary consideration." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014)

(citation omitted) (cleaned up). Accordingly, this error also requires that we vacate Gardner's sentence and remand his case for resentencing.

*D. Disposition.*

In light of the errors identified herein, we vacate Gardner's sentence and remand for resentencing before a different judge.

**REVERSED AND REMANDED.**