# IN THE COURT OF APPEALS OF IOWA

No. 23-1106
Filed May 22, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALEXANDER ISAIAH KNIGHT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

Judge.


        Alexander Knight appeals his sentences for assault causing bodily injury

and operating a motor vehicle without the owner's consent.  **SENTENCES**

**VACATED AND REMANDED FOR RESENTENCING.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., Schumacher, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**DANILSON, Senior Judge.**

Alexander Knight appeals the sentences imposed after a jury found him guilty of assault causing bodily injury and operating a motor vehicle without the owner's consent. We reverse and remand for resentencing before a different judge.

## I. Facts and Proceedings

The State charged Knight by trial information with assault causing bodily injury and operating a motor vehicle without the owner's consent. The charges stemmed from an encounter Knight had with a woman he initially met through a dating app. The two eventually met in person. They engaged in a sex act together. The woman wanted to stop, which angered Knight. Knight began to punch the woman, and then he stomped on her shoulder. Then Knight took her keys and left with her vehicle without her permission.

The State offered Knight a plea offer that would require him to plead guilty to "either a simple assault or disorderly conduct with a $105 fine,"[1] which Knight rejected. When asked, "And I believe that you've been pretty consistent that [you do] not want to plead guilty to any charges at all in this case; is that correct?", Knight responded, "Correct." The matter proceeded to trial, and the jury found Knight guilty as charged.

At sentencing, the State referenced Knight's rejection of the plea offer when making its sentencing recommendation, though it ultimately recommended

---

[1] This is how defense counsel summarized the plea offer to the court. From the record available to us, it is not clear whether the plea offer required Knight to plead guilty to simple assault or disorderly conduct.

suspended sentences. When making its sentencing determination, the court explained in part:

> I note the [presentence investigation report (PSI)] says he's got pending cases going on in Polk County and one in Dallas County, but I don't—I don't attribute anything to those cases. He's not been convicted. So I understand he's got pending cases and he wants to defend those as well.
> I've looked at the PSI and his history, his income history, his family history. A couple things stood out. One is, he's repeatedly asserted his innocence, and his mother agrees that the victim's not to be believed, and he's never admitted responsibility for these charges, never admitted any guilt; to the contrary, wants to continue to contest them, which is his right.

The court then sentenced Knight to consecutive sentences amounting to an indeterminate term of incarceration not to exceed three years.

Knight appeals, contending the district court considered an impermissible sentencing factor.

## II.     Standard of Review

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) (citation omitted).

"Nevertheless, '[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . even if it was merely a "secondary consideration."'" *Id.* (alteration and omission in original) (citation

omitted).  The defendant "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor."  *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

### III.    Discussion

Knight argues the district court considered an impermissible factor at sentencing.  He contends that the district court improperly considered his decision to reject the plea offer, insist on going to trial, and insistence of his innocence when reaching its sentencing determination.  The State pushes back and contends that when considering the court's comments in context, it becomes apparent that the court was merely considering Knight's lack of remorse.

The purpose of sentencing is "to provide maximum opportunity to rehabilitate the defendant and to protect the community."  *Id.*  When fashioning an individualized sentence to achieve that purpose, the sentencing court considers several sentencing factors including: the nature of the offense; the attending circumstances; the age, character, and propensity of the defendant; the defendant's employment status, family circumstances, potential for reform, and prior record of convictions or deferred judgments; and any other relevant factors.  *Id.*  Additionally, "[a] defendant's acceptance of responsibility for the offense, and a sincere demonstration of remorse, are proper considerations in sentencing."  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (citation omitted).  "While lack of remorse is a valid consideration, a defendant's invocation of [his] right to put the state to its burden of proving the offense to a jury can be given no weight in determining a proper sentence."  *Id.*  "Additionally, the sentencing court 'must carefully avoid any suggestions in its comments at the sentencing stage that it was

taking into account the fact defendant had not ple[d] guilty but had put the prosecution to its proof.'" *Id.* (citation omitted).

After reviewing the district court's sentencing rationale in full, we agree with Knight that the district court's rationale for its sentencing determination included the impermissible consideration of his insistence to take his case to trial by maintaining his innocence and refusal to admit guilt. *See id.* When reaching this conclusion, we focus on the court's consideration that Knight "repeatedly asserted his innocence . . . and he's never admitted responsibility for these charges, never admitted any guilt; to the contrary, wants to continue to contest them." While the court followed up these statements by noting that it "is his right" to contest the charges, it did not disavow consideration of Knight's insistence to take the case to trial as a sentencing factor.

To the district court's credit, it did disavow consideration of other pending charges in other cases and Knight's rejection of plea negotiations (other impermissible sentencing factors). However, on this record we are unable to conclude the district court filtered out the impermissible factor of consideration of the defendant's right to "put the prosecution to its proof," a consideration that should be given no weight. *Id.* (quoting *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005)).

The court provided a litany of other sentencing factors it also considered, all of which were permissible sentencing factors. Nonetheless, consideration of any impermissible factor, even "merely [as] a secondary consideration," requires resentencing because "we cannot speculate about the weight the sentencing court gave to [the impermissible factor]. Since we cannot evaluate [its] influence, we

strike down the sentence." *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (citation omitted). We vacate Knight's sentences and remand for resentencing before a different judge.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**