# IN THE COURT OF APPEALS OF IOWA

No. 24-0631
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA ALLEN HUBLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cedar County, Stuart P. Werling,

Judge.

        A defendant appeals his prison sentence for possession of

methamphetamine with intent to deliver. **SENTENCE VACATED AND**

**REMANDED FOR RESENTENCING.**

        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee.

        Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**TABOR, Chief Judge.**

Finding that Joshua Hubler had "not benefited from the treatment options in the community that have been made available to him so far," the district court sentenced him to an indeterminate ten-year prison sentence for a methamphetamine offense. Trouble is, nothing in the record shows that Hubler had been offered or participated in substance-use treatment in the community. Because the court's incarceration decision was driven by its misreading of the record, we vacate Hubler's sentence and remand for resentencing.

## I. Facts and Prior Proceedings

The State charged Hubler with twelve counts of drug-related crimes stemming from a December 2022 traffic stop. Eleven months later, Hubler reached a plea agreement with the prosecution. He pleaded guilty to possession with intent to deliver less than five grams of methamphetamine, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6) (2022). In return, the State dismissed the remaining charges. Under their agreement, the State would recommend "10 years in prison," while Hubler could request "a more lenient disposition." The district court ordered the preparation of a presentence investigation report (PSI).

At the sentencing hearing, the county attorney highlighted Hubler's criminal history in recommending incarceration. The county attorney also reminded the court that Hubler had been rejected for placement at the district department of correctional services Residential Corrections Facility (RCF).[1]

---

[1] The PSI tied that rejection to Hubler's guilty plea to the class "C" felony, noting "his actions carry a serious consequence and incarceration should be recommended." As Hubler suggests on appeal, "it does not appear he was denied due to any particular concern about his amenability to treatment or supervision."

By contrast, Hubler requested a suspended sentence with supervised probation, pointing to his employment and his support in the community. Hubler told the court that he was addicted to methamphetamine and "prison will not help me with that. I do need inpatient therapy."

The court then announced its sentencing decision:

> As indicated by the parties, the defendant had been previously screened for placement at RCF and deemed ineligible for placement. That severely restricts the court's ability to find and locate treatment options in the community. And the defendant, frankly, has not benefited from the treatment options in the community that have been made available to him so far. The court is drawn to the conclusion based on the recommendation of the PSI author and the PSI author recommends incarceration, the State recommends incarceration and the Court feels that is an appropriate sentencing option here based on the recommendation of the PSI author, the need to deter the defendant's criminal activities and lack of other treatment options available in the community.

Hubler appeals his prison sentence.[2]

## II. Scope and Standard of Review

We review sentencing decisions for correction of legal error. *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024). We presume sentences within statutory limits are proper. *Id.* Given that strong presumption, we will not overturn the sentencing court's exercise of discretion unless Hubler can show an abuse of that discretion or "consideration of inappropriate matters." *See id.*

To earn a reversal, Hubler must show that the court relied on an improper factor in choosing his sentence. *See id.* If he makes that showing, we won't

---

After noting Hubler's ineligibility for RCF, the PSI indeed recommended a prison term.

[2] Hubler has good cause to appeal his prison sentence, which was neither agreed to nor mandatory. *See State v. Damme,* 944 N.W.2d 98, 105 (Iowa 2020).

speculate about the weight assigned to that factor; we just vacate the sentence and remand for resentencing. *Id.*

### III.    Analysis

Hubler contends that the district court abused its discretion by imposing a prison sentence based on its "mistaken belief that [he] had received treatment" before in the community without any benefit. Hubler also asserts—pointing to the PSI—that he successfully completed probation in 2007 and 2021. On this record, Hubler maintains that he deserves a new sentencing hearing free from that mischaracterization of his treatment history.

On appeal, the State does not defend the accuracy of the court's statements that Hubler has received and failed to benefit from treatment options in the community. The State concedes that nothing in the record shows Hubler has engaged in substance-use treatment. Instead, the State tries to clean up the court's remarks, asserting "a contextual review of the record shows the court was referring to Hubler's poor performance on probation." The State accuses Hubler of making a "hyper-technical complaint that the court should have used a different word—probation instead of treatment." From there, the State insists that "probation is a form of treatment for criminal offenders" and a "non-institutional form of treatment . . . aimed at rehabilitation of the individual and prevention of further criminal behavior."[3]

---

[3] Also on appeal, the State contradicts assertions from the county attorney at the sentencing hearing that Hubler was "successful on probation" after an operating-while-intoxicated conviction in 2021. The State now contends that the PSI shows Hubler was "unsuccessfully discharged" from probation in 2022. But the PSI does not include the word "unsuccessful" in describing Hubler's 2022 discharge from

But when imposing a potentially decade-long prison sentence, words matter. We cannot ignore the court's erroneous references to treatment options that were never "made available to" Hubler. Contrary to the State's argument, it does not appear that the district court was referencing Hubler's "subpar performance on probation" in choosing the prison sentence. The court never uttered the word probation. True, the court did say it was "drawn to the conclusion" that a prison sentence was appropriate based on the PSI recommendation. But that recommendation did not rest on Hubler's lack of success when granted probation. At most, the PSI reported: "it appears he has had some difficulty in adhering to the terms of his unsupervised probation."[4]

Hubler acknowledges that his rejection for placement at the residential facility "may well have limited the district court's sentencing options." But, as he maintains, "a suspended sentence was still a viable option." The district court rejected that option based, at least in part, on the false premise that he had not benefited from treatment options that had been made available in the community.[5]

---

probation. And we presume that the district court relied on the county attorney's reading of the PSI.

[4] Defense counsel discussed the PSI with the sentencing court:

> If you look at the PSI, it's pretty clear his issues started in 2021 when he got divorced from the woman he was married to for over a decade. Talking to his family, again who's in court here today, they also acknowledge that that's when things kind of fell apart. . . .
> . . . It's all drug-related. It's all related to methamphetamine. What we're here for today is the ability for him to be put on supervised probation. He's demonstrated in the past when he was clean that he can comply.

[5] The PSI noted that Hubler received a substance-abuse evaluation from the University of Iowa Hospitals and Clinics in July 2022, but "[n]o treatment was recommended."

A sentencing court's reliance on an improper factor, even as a "secondary" consideration, requires resentencing. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). Because the court relied on an improper factor, we vacate Hubler's sentence and remand for resentencing.

As a final task, we must decide whether the sentencing process here was tainted against Hubler, requiring resentencing before a different judge. *See State v. Duffield*, 16 N.W.3d 298, 304 (Iowa 2025). This case does not involve a prosecutor breaching a plea deal, as did the examples cited in *Duffield*. *See id.* But our supreme court has also ordered resentencing before a different judge when the district court considered an impermissible sentencing factor. *See Lovell*, 857 N.W.2d at 243. Because this court's mischaracterization of the record is akin to relying on an impermissible sentencing factor, we believe resentencing before a different judge would "protect the integrity of our judicial system from the appearance of impropriety." *See Damme*, 944 N.W.2d at 112 (McDonald, J., dissenting in part). So we remand for resentencing before a different judge.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**