# IN THE COURT OF APPEALS OF IOWA

No. 24-0982
Filed May 7, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SHEILA MARIE SUNDALL,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for O'Brien County,
Nancy L. Whittenburg, Judge.


     Sheila Marie Sundall appeals the sentence imposed after pleading guilty.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**


     Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
for appellant.

     Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, for appellee.


     Considered without oral argument by Tabor, C.J., and Schumacher and
Chicchelly, JJ.

**CHICCHELLLY, Judge.**

Sheila Marie Sundall appeals the sentence imposed after pleading guilty to possession of a controlled substance, third or subsequent offense.[1]  Because the court considered an impermissible factor, we vacate the sentence and remand for resentencing before a different judge.

## I.    *Background Facts and Proceedings.*

In March 2024, the Sheldon Police Department arrested Sundall for unrelated theft charges.  As part of her arrest, law enforcement searched her and found methamphetamine in her possession.  The State charged her with possession of a controlled substance, third or subsequent offense.  Pursuant to a plea agreement, Sundall pled guilty as charged in exchange for dismissal of her unrelated pending misdemeanor cases.[2]

On June 3, 2024, a joint probation revocation and sentencing hearing occurred.  Because the parties agreed to open sentencing, the State recommended incarceration and Sundall requested placement in residential treatment.  At the hearing, Sundall and her probation officer both testified, referencing the pending misdemeanors.  Her probation officer only stated the pending charges prevented Sundall from seeking certain treatment options.  But Sundall claimed that she never committed the thefts, testifying that an employee

---

[1] Defendants generally do not have a right to appeal after pleading guilty.  *See* Iowa Code § 814.6(1)(a)(3) (2024).  But because Sundall is challenging the discretionary sentence imposed on her conviction rather than the guilty plea itself, she has "good cause" to pursue an appeal and we proceed to the merits.  *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

[2] Sundall initially moved to withdraw her guilty plea but later decided to withdraw the motion and proceed to sentencing.

permitted her to take the items at one location and she accidentally grabbed unpaid merchandise at the other.

The court sentenced Sundall as a habitual offender to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum. *See* Iowa Code §§ 124.401 (designating possession of a controlled substance, third offense, as a class "D" felony), 902.8 (imposing a three-year minimum sentence for habitual offenders convicted of a class "D" felony). Sundall appeals.

## II. Review.

We review criminal sentencing decisions for correction of errors at law. *See State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Damme*, 944 N.W.2d at 103 (citation omitted).

## III. Alleged Abuse of Sentencing Discretion.

Sundall contends that the district court considered an improper factor when sentencing her because it relied on unproven offenses. "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) (citation omitted). Upon our own review of the record, we find that the court improperly considered unproven offenses when sentencing Sundall. In its colloquy, the court expressly referenced "the *crimes* for which [Sundall] was arrested in March of 2024" (emphasis added) and Sundall's testimony, stating

> the majority of the testimony that she provided to this court was all about the excuses as to why she didn't contact her probation officer, why she didn't steal from Subway or Casey's, why she didn't make

those people uncomfortable. It was some fault of their own that they didn't see things the way she saw them.

While we permit the court to consider the defendant's accountability, *see State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (describing "lack of remorse [as] a valid consideration" in exercising sentencing discretion), the court still cannot consider unproven offenses, *see Guise*, 921 N.W.2d at 30. And while the State argues that Sundall admitted to the crimes in her testimony, we disagree. In fact, Sundall provided explanations for why she did *not* steal. While the court did not have to believe such testimony, the court was still not permitted to hold these actions against Sundall without a confession or evidence to support the offenses. *See generally id.* And because "we cannot speculate about the weight the district court mentally assigned [an improper] factor," we must vacate the sentence and remand for resentencing before a different judge. *See Fetner*, 959 N.W.2d at 136 (cleaned up); *accord State v. Duffield*, 16 N.W.3d 298, 304 (Iowa 2025) (requiring resentencing before a different judge when "the sentencing process was tainted against the defendant and a different judge must conduct sentencing to remove the taint"); *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (finding consideration of improper factors requires resentencing before a different judge "to protect the integrity of our judicial system from the appearance of impropriety").

## IV. Disposition.

Because the sentencing court considered an unproven offense when sentencing Sundall, we vacate and remand for resentencing before a different judge consistent with this opinion.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**