# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-0163
Filed January 7, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,

v.

**Stephen Kyle Littlepage,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Hardin County,
The Honorable Kathryn E. Austin, Judge.

―――――――――

**AFFIRMED**

―――――――――

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Stephen Littlepage appeals his concurrent two-year sentences for assault while displaying a dangerous weapon and first-degree harassment after pleading guilty to those offenses. He argues that the district court considered unadmitted and unproven conduct discussed in the minutes of testimony. But Littlepage has failed to meet his burden to show that the district court improperly considered unproven and unadmitted parts of the minutes of testimony rather than only facts he admitted to as part of his guilty plea. We thus affirm.

Littlepage entered a written guilty plea to two aggravated misdemeanors: assault while displaying a dangerous weapon and first-degree harassment. *See* Iowa Code §§ 708.1(2)(c), 708.2(3), 708.7(1)(b), 708.7(2)(a)(1) (2024). In the plea, he admitted that he "committed an act which was intended to result in contact with [the victim], which would be injurious, insulting, offensive, coupled with the apparent ability to commit the act and in doing so [he] caused bodily injury to the victim; at the same time [he] displayed a dangerous weapon: to-wit: a shotgun." [1] And he admitted that he "without legitimate purpose, had personal contact with [the victim], and threaten[ed] to commit a forcible felony." He also agreed that "[t]he Court may rely on the record, including the minutes of testimony to find a factual basis."

After hearing testimony and an allocution from Littlepage, argument from both parties, and a victim-impact statement, the district court imposed

---

[1] Although Littlepage admitted to causing bodily injury, that is not an element of either offense to which he pleaded guilty. *See* Iowa Code §§ 708.1(2)(c), 708.2(3), 708.7(1)(b), 708.7(2)(a)(1). And the district court did not rely on this admission.

concurrent indeterminate two-year prison sentences for each conviction. The court reasoned:

> When I consider a sentence in a case such as this, Mr. Littlepage, I consider factors such as your age, which I believe to be 34 years old; your criminal history or lack thereof; as well as the facts and circumstances of the case and the circumstances of the parties; as well as the argument made by the attorneys.
>
> I want to be clear as I hand down this sentence that Mr. Littlepage's current pending charges are not being considered by me in making this sentence. I do not believe that would be appropriate since he has neither pled guilty nor been found guilty of those charges and they are still pending. He is innocent until proven guilty on those charges, and I am not considering those.
>
> . . . .
>
> Mr. Littlepage, I consider that your behavior on the night of this incident to be incredibly concerning. I believe, based on the information contained in the Minutes of Testimony, that the impact both on yourself and on the victim in this case cannot be overstated.
>
> So at this time I am not going to suspend that prison sentence.

On appeal, Littlepage homes in on this final explanation for the court's decision not to suspend the sentence. He argues that the court's reference to the minutes of testimony as a basis for finding his "behavior on the night of the incident to be incredibly concerning" and of significant impact to him and the victim shows that the court considered unproven and unadmitted parts of the minutes of testimony.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724

(Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Even so, a district court "cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). This prohibition includes "[i]nformation contained in the minutes of testimony" unless the facts "are admitted to or otherwise established as true." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (cleaned up). "[W]here portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the sentencing court to consider and rely on these portions." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). Relying on such an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Schooley*, 13 N.W.3d at 618 (cleaned up). But a defendant has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

Littlepage has failed to meet his burden to show that the district court considered unadmitted parts of the minutes of testimony rather than parts he admitted as the part of the factual basis for his guilty plea. *See id.* Even his admitted conduct of assaulting the victim while displaying a shotgun and making personal contact while threatening a forcible felony could reasonably be considered "incredibly concerning" and to have impacted him and the victim. And the court made clear it was aware it cannot consider unproven conduct in disclaiming any consideration of Littlepage's other pending charges. So the court's reasoning relied on by Littlepage is not a basis for us

4

to conclude that the court considered an improper factor. Because Littlepage makes no other challenge to the exercise of the district court's sentencing discretion, we affirm his sentences.

**AFFIRMED.**