# IN THE COURT OF APPEALS OF IOWA

No. 25-0871
Filed April 15, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Joseph James O'Brien,**
Defendant–Appellant.

Appeal from the Iowa District Court for Johnson County,
The Honorable Brandon Schrock, Judge.

## SENTENCE VACATED AND REMANDED FOR RESENTENCING

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Joseph O'Brien pleaded guilty to assaulting his then-girlfriend, causing bodily injury. *See* Iowa Code §§ 708.1, .2(2) (2024). The district court sentenced him to pay a fine and serve 365 days in jail with all but sixty days suspended. As a condition of suspending part of the term of incarceration, the court placed him on probation for two years.

O'Brien appeals his sentence.[1] He contends the court considered improper sentencing factors by relying on unproven allegations contained in his ex-girlfriend's victim impact statement.

We only reverse a sentencing decision if there is a showing of an abuse of discretion or some defect in the sentencing procedure. *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025). Relying on an improper factor in making a sentencing decision constitutes an abuse of discretion. *State v. Hallock*, 31 N.W.3d 36, 41 (Iowa 2026). But there is a presumption that a sentence is valid, and a defendant must affirmatively show reliance on an improper factor to overcome the presumption. *Id.*

Here, like in many cases, the victim impact statement strayed into alleged misconduct by O'Brien that was outside the scope of the crime to which O'Brien pleaded guilty by detailing conduct by O'Brien prior to the

---

[1] Because he challenges only his sentence, which was neither mandatory nor agreed to by the parties, we have jurisdiction of O'Brien's appeal despite his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (requiring a defendant appealing from a guilty plea to a crime other than a class "A" felony to establish good cause to obtain appellate jurisdiction); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding good cause to appeal following a guilty plea if the defendant only appeals a sentence and it is neither mandatory nor agreed to by plea agreement).

date of the crime. *See id.* at 44 (recognizing that it is a common occurrence for victim impact statements to so stray). The statement described how O'Brien treated the victim over the life of their relationship—explaining that O'Brien would belittle her through name calling, search through her phone messages, physically isolate her from others, threaten her, and physically abuse her. O'Brien objected to the victim's comments about extraneous, unproven conduct—though he wasn't required to do so to preserve error. *See id.* at 43. The court sustained O'Brien's objection and stated that "the court specifically does not consider any unadjudicated or uncharged offenses." In relevant part, the court gave these reasons for its sentencing decision:

> In determining this sentence, the court has considered the entirety of the court file, including the recommendations of the parties, the allocution of Mr. O'Brien, and the victim impact statement provided by [the victim].

> The court has considered the defendant's age, his lack of a prior criminal history. The court specifically does not consider any unadjudicated or uncharged offenses. The court would acknowledge and sustain [defense counsel]'s objection on that matter and will not consider those.

> The court does consider the facts and circumstances around this case, particularly the recommendations of counsel.

> The court finds that the sentence imposed will offer the defendant the maximum opportunity for rehabilitation when balanced against the need to protect the community.

> Mr. O'Brien, I'm basically going to tell you my sentence today is because this is just some of the worst controlling behavior I've seen as a judge. And, you know, when you're eighteen and you're—seventeen or eighteen, or however old you were when you were dating someone—I presumed this happened when you were eighteen or you wouldn't be in front of me, but whether you're dating, married, partners, parent, whatever relationship, no human being gets to control another human being like this. Relationships are intended to be based out of mutual respect, and that's what continues relationships on, is the fact that the parties respect each

3

other. It's not the fact that they control each other, that they look at each other's phones, that they engage in actions of abuse or intimidation.

And so you're sitting here today, eighteen, almost nineteen, you got the rest of life to try to make these corrections, and I sincerely hope you do so, or else you and I are probably going to be seeing each other a lot, because I can guarantee you in life, your interpersonal relationships are going to get far more complicated than the ones you had in high school. Once you actually get into a marital relationship and children are involved, and all the other stressors of life, things are only going to get more difficult; they're not going to get less difficult. And unless you take some time to reflect and learn the mechanisms you need to deal with these angers and these aggressions in a healthy way that is respectful to the other party, you'll be back in here again, and no one wants to see that. They don't want to see it, the State doesn't want to see it, your attorney doesn't want to see it, and, honestly, I don't want to see it either. So I'm going to give you a pretty severe consequence today in the hopes that it sends that message and you learn the lessons you need to learn.

O'Brien acknowledges the court sustained his objection and stated that it would not consider unadjudicated or uncharged offenses. But he contends the court did just that when it went on to refer to controlling behavior and looking through the victim's phone—conduct he contends he did not concede occurred. We agree with O'Brien that, although the court sustained his objection, the district court's rationale for its selected sentence reveals that it did in fact consider unadjudicated or uncharged offenses that took place prior to the charged assault.

The court was permitted to consider facts contained in the minutes of testimony that O'Brien admitted. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). In his written guilty plea, O'Brien admitted that the minutes of testimony were "substantially correct insofar as necessary to provide a factual basis for the offense(s) previously listed." By so acknowledging the accuracy of the minutes, O'Brien admitted the facts contained in the

4

minutes, at least to the extent they supported the factual basis for the charge of assault causing bodily injury.

As charged here, assault causing bodily injury has the following elements: (1) O'Brien did an act which was intended to cause pain or injury; result in physical contact that was insulting or offensive; or place the other person in fear of immediate physical contact which would be painful, injurious, insulting, or offensive; (2) O'Brien had the apparent ability to do the act; and (3) O'Brien's act caused a bodily injury to the other person. *See* Iowa Code §§ 708.1(2)(a), .1(2)(b), .2(2); *see also* Iowa Crim. Jury Instructions 800.2. Relevant to these elements, the minutes contained allegations that O'Brien and his girlfriend got into an argument; while in a car together, O'Brien began driving dangerously while repeatedly stating he was going to kill her; during the argument, O'Brien grabbed her wrists and slapped her cheek, which caused pain; and, as she was on her phone trying to get her friends and parents to come help her, O'Brien tried to take her phone from her. These factual allegations all help establish elements of the crime of assault causing bodily injury.

But the basis for the court's sentence went beyond those admitted facts from the minutes. The court's basis for its sentence was rooted in the controlling nature of O'Brien's relationship with the victim, including his practice of searching her phone. Beyond that information not being necessary to support a factual basis for assault causing bodily injury, it does not appear in the minutes of testimony, meaning O'Brien did not admit to those facts. The controlling nature of the relationship could only be gleaned from the victim impact statement detailing the nature and history of O'Brien's relationship with the victim. While details from the victim impact statement are incredibly troubling, they were not proven or admitted to by

5

O'Brien. So the district court could not consider the details from the victim impact statement regarding the controlling nature of the relationship or prior assaults when making a sentencing determination. *See State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021) ("[A] sentencing court cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them."); *State v. Formaro*, 638 N.W.2d 720, 725–26 (Iowa 2002).

We do not "speculate about the weight the district court mentally assigned [these facts]," so we must remand to the district court for resentencing. *Fetner*, 959 N.W.2d at 136 (cleaned up). We vacate O'Brien's sentence and remand for resentencing before a different judge. *See State v. Duffield*, 16 N.W.3d 298, 304 (Iowa 2025) (requiring resentencing before a different judge when "the sentencing process was tainted against the defendant"); *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (finding consideration of improper factors requires resentencing before a different judge "to protect the integrity of our judicial system from the appearance of impropriety"); *State v. Sundall*, No. 24-0982, 2025 WL 1322623, at *2 (Iowa Ct. App. May 7, 2025) (requiring resentencing before a different judge when the court considered an improper sentencing factor) *State v. Hubler*, No. 24-0631, 2025 WL 855934, at *3 (Iowa Ct. App. Mar. 19, 2025) (same).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**