# IN THE COURT OF APPEALS OF IOWA

No. 23-0786
Filed May 22, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ISAIAH CECIL HAKEEM DUFFIELD,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl, Judge.

A defendant appeals his sentence following his guilty plea. **SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Ahlers, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**AHLERS, Judge.**

Pursuant to a plea agreement that included reducing the charge against him, Isaiah Duffield pleaded guilty to the aggravated-misdemeanor version of the crime of failing to register as a sex offender. By agreement of the parties, the district court held an unreported sentencing hearing. Following the hearing, the court issued a written sentencing order sentencing Duffield to a term of imprisonment not to exceed two years, with the sentence run consecutively to his sentence in another case. The court also imposed a $1025 fine, which it suspended.[1] Duffield appeals the sentence imposed, arguing the court failed to state reasons for running his sentence consecutively to his sentence in the separate case and abused its discretion by setting the associated fine at an amount greater than the statutory minimum.[2]

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). However, we will not disturb a defendant's sentence "unless the defendant demonstrates an

---

[1] We note there is a question about the legality of suspending any part of the sentence—in this case the fine—without coupling the suspended sentence with probation. *See State v. Laue*, No. 23-0208, 2023 WL 8448475, at *2–4 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). Neither party has raised this issue, and we decline to use this case as a vehicle for addressing it.

[2] Duffield has good cause to appeal following his guilty plea because he challenges only the sentence imposed, and his sentence was neither mandatory nor agreed to under the terms of the plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding that good cause to appeal following a guilty plea within the context of Iowa Code section 814.6(1)(a)(3) (2019) exists "when the defendant challenges his or her sentence rather than the guilty plea" and the sentence "was neither mandatory nor agreed to as part of [the] plea bargain").

abuse of [the] trial court['s] discretion or a defect in the sentencing procedure." *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (citation omitted).

We will start with Duffield's challenge to the fine. He asserts that, because the fine selected by the district court was greater than the statutory minimum and mirrors the minimum fine for the greater offense originally charged, the court was likely mistaken as to the amount of the minimum fine. However, Duffield concedes the $1025 fine is within the statutory range. *See* Iowa Code § 903.1(2) (2022) ("When a person is convicted of an aggravated misdemeanor, . . . [t]here shall be a fine of at least eight hundred fifty-five dollars but not to exceed eight thousand five hundred forty dollars."). And "[i]n the absence of evidence establishing that the district court did not know the relevant minimum fine[] . . . , we will not make such an assumption, as the burden is on [Duffield] to establish that the court abused its discretion by failing to exercise its discretion." *See State v. Purdy*, No. 23-0563, 2024 WL 1296267, at *2 (Iowa Ct. App. Mar. 27, 2024). "Nothing in the record establishes that the district court failed to exercise its discretion when setting the amount for the fines. And the assessed fines fall within the relevant statutory ranges." *Id.* So we do not disturb the fine imposed.

As to Duffield's contention that the district court failed to state reasons for running his sentence consecutively to another sentence in a separate case, the State concedes error, though it disagrees with Duffield as to remedy. At the time of sentencing, Iowa Rule of Criminal Procedure 2.23(3)(d) required the district court to "state on the record its reason for selecting the particular sentence."[3] This

---

[3] Duffield was sentenced in April 2023. Revised Iowa Rules of Criminal Procedure became effective on July 1, 2023. The revised rules explicitly state, "The court

rule requires the district court to state its reasons for imposing consecutive sentences. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). Because Duffield waived reporting of the sentencing hearing, the district court was required to include its rationale for imposing consecutive sentences in the written sentencing order. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("We also hold if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing."). The written sentencing order contains no explanation as to why it imposed consecutive sentences. As a result, we must vacate part of the sentence and remand for resentencing.

As to remedy, Duffield argues for start-from-scratch resentencing while the State argues that all that is necessary is to remand for the court to explain why it ordered consecutive sentences. Because Duffield challenges only the imposition of consecutive sentences and not the two-year sentence itself, we agree with the State, at least in part. We agree that, upon remand for resentencing, the only task for the sentencing judge will be to decide whether Duffield's two-year sentence will be served concurrently or consecutively to the sentence in his other case. But we believe that decision should be made by a different judge. The risk of appearance of impropriety is great and the integrity of the judicial system is at stake when resentencing occurs. *See Lovell*, 857 N.W.2d at 243 ("In order to protect the

---

shall state on the record the basis for the sentence imposed and shall particularly state the reason for imposition of any consecutive sentences." Iowa R. Crim. P. 2.23(2)(g).

integrity of our judicial system from the appearance of impropriety, we vacate the defendant's sentence and remand the case to the district court for resentencing before a different judge consistent with this opinion."). To eliminate that risk, we find it appropriate to require resentencing before a different judge.

We vacate only that part of the sentence imposing consecutive sentences and remand for resentencing before a different judge. The decision for the judge on resentencing is limited to determining whether Duffield's two-year sentence is served concurrently or consecutively.

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**